W. H. BARNETT's EXECUTRIX, Respondent, v. MICHAEL CLOONEY, Appellant.

St. Louis Court of Appeals, December 15, 1896.

1. **Mechanic's Lien**: DEFECTIVE LIEN: VALIDITY OF SECOND LIEN REMEDYING DEFECT. *Held*, on rehearing: An account filed as a lien which fails to give the name of the owner or original contractor, is not a full compliance with the statute, and to that extent defective; and a second lien filed upon the same account within the statutory period, remedying the defect, is not void.

2. ———: ———: PRACTICE. The proper practice in such cases is to have the second lien account refer in some way to the first, that the record may not show two incumbrances, when in fact only one exists.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

MOTION FOR REHEARING OVERRULED.

*M. McKeag* for appellant.

*T. J. Rowe* for respondent.

OPINION ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The defendant claims that as the suit was instituted on the second mechanic's lien filed, he was entitled to have the plaintiff nonsuited, provided the first lien filed was a *good* and *valid* lien, because in that event the second lien was a nullity and would not support a motion.   While this seems to have been the rule in this state once, the later decisions as

DEFECTIVE lien: validity of second lien.

pointed out in the opinion have established a more equitable rule.  Under these decisions the second lien is not a nullity, if the first lien filed was in any way *defective*.   The first lien filed in this case was unquestionably defective, as it erroneously stated the name of the contractor as the Banker Edwards Building Company, while the name of the contractor with the owner was one Smiley and the building company was only a subcontractor.   Section 6709 of the Revised Statutes provides that the account filed as a lien shall give "the name of the owner or *contractor, or both* if known to the person filing the lien."   By the word "contractor" the original contractor is meant, because the name of the person with whom the plaintiff contracts is necessarily always known to him.   Hence the first lien account filed was not a full compliance with the statute, and to that extent defective.   Whether it would have supported an action or not, it is needless for us to decide, as under the later cases a mere defect in the first lien account justified the filing of another.

It is the proper practice in such cases to have the second lien account refer in some manner to the first,

PRACTICE.   so that the record should not show two incumbrances, where in fact only one exists.

Whether this was done in the case at bar does not appear, because the second lien account, although offered in evidence, is not in the record.

Other points in defendant's motion refer to some verbal inaccuracies in the opinion, which have been corrected, but which in no ways affect the result.

The motion for rehearing is overruled. All the judges concur.