CLARKE et al. v. HEYLMAN et al.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. MECHANICS' LIENS — CONTRACT WITH SUBCONTRACTOR — AFFIRMANCE BY OWNER—SUFFICIENCY OF ALLEGATION.

A complaint in proceedings by a subcontractor to foreclose a mechanic's lien alleged the making of a contract between the owner and the principal contractor, and that the principal contractor abandoned the same, and that 12 days later the principal contractor contracted with plaintiffs for materials. It then alleged that during the performance of the work, at the special instance and request of the owner, plaintiffs rendered additional work, etc., that the work and materials were performed and furnished by the plaintiffs with the knowledge and consent of the owner, and that the contract made with plaintiffs was performed by them at the special instance and request of the owner, who promised to pay plaintiffs therefor. *Held*, that the complaint sufficiently alleged the adoption by the owner of the contract made with plaintiffs.

2. SAME—NOTICE—SPECIFICATIONS OF MATERIALS FURNISHED—SUFFICIENCY.

Mechanic's Lien Law (Laws 1897, c. 418) § 3, confers on subcontractors the right to a lien from the time of filing a prescribed notice. Section 9 requires the notice to state the labor performed or the materials furnished, and the agreed price or value thereof. A notice filed by a subcontractor stated that the labor performed and materials furnished were "plumbing, tinning, furnaces and ranges, as per contract, to the amount of $2,560, and additional labor to the amount of $77, making in all $2,637, upon account of which there has been paid $850, and leaving a balance due therefor of $1,787." *Held* to sufficiently state the labor performed and the materials furnished and the agreed price or value thereof.

3. SAME — FORECLOSURE—PREVIOUS NOTICES—DEFENSE—LOSS THROUGH FAILURE TO PROSECUTE.

Mechanic's Lien Law, § 16, provides that no lien shall be a lien more than one year after notice has been filed, unless within that time a foreclosure action has been begun and notice of its pendency filed with county clerk. Section 18 provides that the lien may be discharged by failure to begin a foreclosure action, or to secure an order continuing the lien, within one year from the filing of notice. *Held*, that it was no de-

fense to a foreclosure of a mechanic's lien, notice of which was filed within proper time after the last of the materials were furnished, that liens for installments of the materials had also been filed during the progress of the work, and lost by failure to prosecute them within the prescribed time, as there is nothing in the statute forbidding the filing of more than one notice for the same claim.

Appeal from Special Term, New York county.

Action by William D. Clarke and another against Henry B. Heylman and another. From an interlocutory judgment overruling a demurrer to the answer of defendant Heylman, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James C. De La Mare, for appellants.
Richard Krause, for respondent.

INGRAHAM, J. The action was brought to foreclose a mechanic's lien against the defendant Heylman as owner, and Connell as contractor, for labor and materials furnished by the plaintiffs. The complaint alleges that Heylman made a written contract with the defendant Connell, whereby Connell agreed to erect and furnish buildings upon certain premises described, for which Connell was to be paid $9,300 in installments to come due as the work progressed; that on or about March 11, 1898, Connell abandoned his contract, with the consent of Heylman, who completed the work to be done under the contract, and that there remained in the hands of Heylman a balance of the contract price in excess of the plaintiffs' lien and all other valid liens on said premises; that on or about March 23, 1896, 12 days after Connell had abandoned the contract, he entered into a contract with the plaintiffs, by which plaintiffs agreed to furnish certain plumbing, gas-fitting, furnaces, and tinning, in and about the buildings, and Connell agreed to pay therefor the sum of $2,560, and that plaintiffs furnished additional labor to the amount of $77, making in all $2,637, upon account of which there has been paid $850, and leaving a balance due of $1,787; that this work and material to be furnished by the contract were a part of the labor and materials required and stipulated to be furnished by the contract between Heylman and Connell; "that these defendants" completed the said contract between the plaintiffs and Connell, and furnished the materials and did the work therein required, and that during the performance of the work, at the special instance and request of the defendant Heylman, they rendered additional work, labor, and services in watching and safeguarding the property described, in the reasonable value of $77; that no part of the sum due for said work, labor, services, and materials has been paid, except the sum of $850, and that all of said work was done and all of said materials furnished prior to the filing of the notice of the mechanic's lien mentioned, the last items of said work and materials having been done and furnished within 9 days prior to December 15, 1896, and that said labor and materials were actually used upon the buildings erected on the premises described, in the construction thereof; that said work, labor, services, and materials were performed and furnished by the

plaintiffs with the knowledge and consent of the defendant Heylman, who was and now is the owner of said premises; and that said contract made by the plaintiffs with the defendant Connell was performed and completed by the plaintiffs at the special instance and request of the defendant Heylman, who promised and agreed to pay the plaintiffs therefor.

It thus appears that Connell abandoned the contract on the day that it was made; that on March 23, 1896, notwithstanding he had abandoned the contract, Connell made a contract with the plaintiffs to do plumbing work upon the buildings; that "these defendants" completed this contract made by plaintiffs with Connell, but that the work, labor and services and materials performed and furnished by the plaintiffs were with the consent and knowledge of Heylman; and that the contract made by the plaintiffs with Connell was performed and completed by the plaintiffs at the special instance and request of the defendant Heylman, who promised and agreed to pay the plaintiffs therefor.

The answer of the defendant Heylman denies all of the allegations of the complaint, and for a defense alleges that at all times mentioned in the complaint he was the owner of the premises described, and that on or about the 6th day of August, 1896, the 7th of October, 1896, and the 17th day of November, 1896, respectively, and within 90 days after the alleged performance and furnishing of the alleged labor and materials referred to in the three notices thereinafter mentioned, and prior to the alleged filing of the alleged notice of lien referred to in the complaint, notices of lien were filed by the plaintiffs in the office of the clerk of the county of New York 'against the property owned by the defendant Heylman for the price and value of the identical labor and materials referred to in the notice of lien referred to in the complaint. The first of these liens, copies of which are annexed to the answer, was stated to be for the second payment due on a contract between the plaintiffs and Connell for plumbing, tinning, and furnace work. The second was for the third payment due on the contract and the cash paid for night watchman, less, for work not completed, $100; and the third notice of lien was for $100 for work not completed under the third payment due under the contract.

The plaintiff demurs to the defense set up in the fourth and fifth paragraphs of the answer. The defendant, to sustain his answer, attacks the complaint, and the plaintiffs' lien as therein alleged.

By the contract between the plaintiffs and Connell as alleged in the complaint, the plaintiffs agreed to do certain work in the erection of a building upon this property, for which Connell agreed to pay the plaintiffs, "for the true and faithful performance of all and every of the articles, covenants, and agreements herein contained, the sum of twenty-five hundred and sixty ($2,560) dollars." This contract as therein alleged was an entire contract, the amount to be paid therefor being payable upon the completion of the contract. .

Section 3 of the lien law (chapter 418 of the Laws of 1897) provides that:

"A contractor, sub-contractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent

or at the request of the owner thereof, or of his agent, contractor or sub-contractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this article."

By section 9 of the act the notice must, among other things, state—

"The name of the person by whom the lienor was employed, or to whom he furnished or is to furnish materials; or, if the lienor is a contractor or sub-contractor, the person with whom the contract was made. (4) The labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof. (5) The amount unpaid to the lienor for such labor or materials. (6) The time when the first and last items of work were performed and materials were furnished."

I think that the complaint is sufficient. After setting out the contract made between the plaintiffs and Connell, it alleges that the contract was performed and completed by the plaintiffs at the special instance and request of the defendant Heylman, who promised and agreed to pay the plaintiffs therefor. This is, in substance, an allegation that the defendant Heylman adopted the Connell contract and made it his contract. He was the owner of the property upon which the building was erected, and he became bound to comply with its provisions.

I think, also, that the notice of lien filed on the 15th day of December, 1896, as alleged in the complaint was sufficient within the provisions of the lien law. The defendant criticises this notice as not stating the amount of the materials and labor furnished. The notice alleges that the labor and services so performed and the materials so furnished were—

"Plumbing, tinning, furnaces and ranges, as per contract, to the amount of $2,560, and additional labor to the amount of $77, making in all $2,637, upon account of which there has been paid $850, and leaving a balance due therefor of $1,787."

This, I think, is a sufficient statement of the labor performed and materials furnished and the agreed price or value thereof.

It is also claimed that the notice does not show that anything was due from the owner to the contractor. The statute requires that the amount unpaid to the lienor for such labor and materials must be stated; and the notice states that there is a balance due for such work, labor, and services rendered, and materials furnished, of $1,787.

I also think the defense demurred to is bad. The defendant therein alleges that at all of the times mentioned in the complaint he was, and still is, the owner of certain premises specifically described; that on or about the 6th day of October, 1896, and the 17th day of November, 1896, respectively, the plaintiff filed three notices of lien, copies of which are annexed to the answer; and that the same were docketed in the office of the clerk of the county of New York against the property described in the answer as owned by this defendant, for the price and value of the identical labor and materials referred to in the notice of lien mentioned in the complaint. The action was commenced in August, 1898, nearly two years after the last lien was filed. Section 16 of the lien law provides that:

"No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action, whether in a court of record or in a court not of record, is filed with the county clerk of the county in which the notice of lien is filed."

Section 18 provides that a lien may be discharged—

"By a failure to begin an action to foreclose such lien, or to secure an order continuing it, within one year from the time of filing the notice of lien."

Upon the face of the answer, therefore, there being no allegation that an action had been commenced to foreclose the lien, or that the time to commence such an action had been extended, the notice of lien had been discharged long before this action was commenced. There is no provision of the lien law which prevents a person furnishing materials or labor in the erection of a building upon real property from filing more than one lien upon such property. It is doubtful whether these notices of lien annexed to the defendant's answer were sufficient under the statute to create any lien upon the property therein described; but, assuming that they would be sufficient, and that they were filed during the performance of the contract, and subsequently, when the contract was fully performed, a new lien was filed for the amount due under the contract, I know of no provision of the lien law which would prevent the person filing the last lien from enforcing it, and abandoning the liens filed during the performance of the contract. There is nothing in the statute which provides that successive liens may not be filed for the same work, or that a notice of lien filed upon the completion of the contract is void, because other notices of liens have been filed for a portion of the work done under the contract.

But one case is cited upon this point by counsel for the defendant, and that is Battle v. McArthur (C. C.) 49 Fed. 715. That was a decision of the United States Circuit Court under a lien law of the state of Missouri, and it was held that:

"The filing of one account that is good and sufficient to create a lien under the statute and satisfy its requirements exhausts the contractor's power to incumber the property."

It is not necessary to approve or disapprove of this decision under the lien law of the state of Missouri; but it would seem that under the law of this state there is no restriction upon a person furnishing materials or labor for the construction of a building which confines him to one lien, or prevents him from filing a lien on the completion of a contract, because during the performance of the contract he has filed notices of liens for separate installments due thereunder. No reason is suggested which would justify us in importing into the statute of this state such a restriction.

I think, therefore, the demurrer to this defense should have been sustained, and that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to amend his answer within 20 days upon payment of such costs. All concur.