WILLIAM D. CLARKE and FREDERICK J. SHERMAN, Appellants, *v.* HENRY B. HEYLMAN, Respondent, Impleaded with Others.

*Sub-contract made by a contractor who has abandoned the principal contract — when the sub-contract is completed with the approval of the owner he is bound thereby — what notice of lien is sufficient — several successive liens may be filed.*

Where the principal contractor for the construction of a building sublets a part of the work after he has abandoned the same and the owner of the premises has undertaken the completion thereof, a complaint in an action brought to foreclose a mechanic's lien filed by the sub-contractor for the work done under the sub-contract, which alleges that the sub-contract was performed and completed by the plaintiff at the special instance and request of the owner, who promised and agreed to pay the sub-contractor therefor, is sufficient to charge the owner with liability.

A notice of lien, which alleges that the labor and services so performed and the materials so furnished were "plumbing, tinning, furnaces and ranges, as per contract, to the amount of $2,560, and additional labor to the amount of $77, making in all $2,637, upon account of which there has been paid $850, and leaving a balance due therefor of $1,787," contains a sufficient statement of the labor performed and the materials furnished and the agreed price or value thereof.

A person having a contract for the performance of work of the nature contemplated by the Lien Law (Laws of 1897, chap. 418) may, at intervals during the performance of the contract, file successive liens for the portion of the work which has been completed by him, and may, upon the complete performance of the contract, file a new lien for the entire amount of the work.

APPEAL by the plaintiffs, William D. Clarke and another, from an interlocutory judgment of the Supreme Court in favor of the defendant, Henry B. Heylman, entered in the office of the clerk of the county of New York on the 6th day of November, 1902, upon

the decision of the court, rendered after a trial at the New York Special Term, overruling the plaintiffs' demurrer to the defense set forth in the 4th and 5th paragraphs of said defendant's answer.

*James C. De La Mare,* for the appellants.

*Richard Krause,* for the respondent.

Ingraham, J. :

The action was brought to foreclose a mechanic's lien against the defendants Heylman as owner, and Connell as contractor, for labor and materials furnished by the plaintiffs. The complaint alleges that Heylman made a written contract with the defendant Connell, whereby Connell agreed to erect and furnish buildings upon certain premises described, for which Connell was to be paid $9,300 in installments to come due as the work progressed ; that on or about March 11, 1896, Connell abandoned his contract, with the consent of Heylman, who completed the work to be done under the contract, and that there remained in the hands of Heylman a balance of the contract price in excess of the plaintiffs' lien and all other valid liens on said premises; that on or about March 23, 1896, twelve days after Connell had abandoned the contract, he entered into a contract with the plaintiffs, by which plaintiffs agreed to furnish certain plumbing, gasfitting, furnaces and tinning, in and about the buildings, and Connell agreed to pay therefor the sum of $2,560, and that plaintiffs furnished additional labor to the amount of $77, making in all $2,637, upon account of which there has been paid $850, and leaving a balance due of $1,787 ; that this work and material to be furnished by the contract were a part of the labor and materials required and stipulated to be furnished by the contract between Heylman and Connell ; that " these defendants " completed the said contract between the plaintiffs and Connell, and furnished the materials and did the work therein required, and that during the performance of the work, at the special instance and request of the defendant Heylman, they rendered additional work, labor and services in watching and safeguarding the property described, in the reasonable value of $77 ; that no part of the sum due for said work, labor, services and materials has been paid, except the sum of $850, and that all of said work was done and all of said mate-

rials were furnished prior to the filing of the notice of the mechanic's lien mentioned, the last items of said work and materials having been done and furnished within ninety days prior to December 15, 1896, and that said labor and materials were actually used upon the buildings erected on the premises described, in the construction thereof; that said work, labor and services and materials were performed and furnished by the plaintiffs with the knowledge and consent of the defendant Heylman, who was and now is the owner of said premises, and that said contract made by the plaintiffs with the defendant Connell was performed and completed by the plaintiffs at the special instance and request of the defendant Heylman, who promised and agreed to pay the plaintiffs therefor.

It thus appears that Connell abandoned the contract on the day that it was made; that on March 23, 1896, notwithstanding he had abandoned his contract, Connell made a contract with the plaintiffs to do plumbing work upon the buildings; that the defendants completed this contract made by plaintiffs with Connell, but that the work, labor and services and materials performed and furnished by the plaintiffs were with the consent and knowledge of Heylman, and that the contract made by the plaintiffs with Connell was performed and completed by the plaintiffs at the special instance and request of the defendant Heylman, who promised and agreed to pay the plaintiffs therefor.

The answer of the defendant Heylman denies all of the allegations of the complaint, and for a defense alleges that at all times mentioned in the complaint he was the owner of the premises described, and that on or about the 6th day of August, 1896, the 7th of October, 1896, and the 17th day of November, 1896, respectively, and within ninety days after the alleged performance and furnishing of the alleged labor and materials referred to in the three notices thereinafter mentioned, and prior to the alleged filing of the alleged notice of lien referred to in the complaint, notices of lien were filed by the plaintiffs in the office of the clerk of the county of New York against the property owned by the defendant Heylman for the price and value of the identical labor and materials referred to in the notice of lien referred to in the complaint. The first of these liens, copies of which are annexed to the answer, was stated to be for the second payment due on a contract between

the plaintiffs and Connell for plumbing, tinning and furnace work. The second was for the third payment due on the contract and the cash paid for night watchman, less for work not completed, $100, and the third notice of lien was for $100 for work not completed under the third payment due under the contract.

The plaintiffs demur to the defense set up in the 4th and 5th paragraphs of the answer. The defendant, to sustain his answer, attacks the complaint and the plaintiffs' lien as therein alleged.

By the contract between the plaintiffs and Connell as alleged in the complaint, the plaintiffs agreed to do certain work in the erection of a building upon this property for which Connell agreed to pay the plaintiffs " for the true and faithful performance of all and every of the articles, covenants and agreements herein contained, the sum of twenty-five hundred and sixty.($2,560.00) dollars." This contract as therein alleged was an entire contract, the amount to be paid therefor being payable upon the completion of the contract.

Section 3 of the Lien Law (Laws of 1897, chap. 418) provides that " a contractor, sub-contractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or sub-contractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien, as prescribed in this article." By section 9 of the act the notice must, among other things, state " the name of the person by whom the lienor was employed, or to whom he furnished or is to furnish materials ; or, if the lienor is a contractor or sub-contractor, the person with whom the contract was made. 4. The labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof. 5. The amount unpaid to the lienor for such labor or materials. 6. The time when the first and last items of work were performed and materials were furnished."

I think that the complaint is sufficient. After setting out the contract made between the plaintiffs and Connell it alleges that the contract was performed and completed by the plaintiffs at the special instance and request of the defendant Heylman, who promised and

agreed to pay the plaintiffs therefor. This is in substance an allegation that the defendant Heylman adopted the Connell contract and made it his contract. He was the owner of the property upon which the building was erected, and he thereby became bound to comply with the provisions of the Connell contract.

I think also that the notice of lien filed on the 15th day of December, 1896, as alleged in the complaint, was sufficient within the provisions of the Lien Law. The defendant criticises this notice as not stating the amount of the materials and labor furnished. The notice alleges that the labor and services so performed and the materials so furnished were " plumbing, tinning, furnaces and ranges, as per contract, to the amount of $2,560, and additional labor to the amount of $77, making in all $2,637, upon account of which there has been paid $850, and leaving a balance due therefor of $1,787." This, I think, is a sufficient statement of the labor performed and the materials furnished, and the agreed price or value thereof. It is also claimed that the notice does not show that anything was due from the owner to the contractor. The statute requires that the amount unpaid to the lienor for such labor and materials must be stated; and the notice states that there is a balance due for such work, labor and services rendered and materials furnished of $1,787.

I also think the defense demurred to is bad. The defendant therein alleges that at all of the times mentioned in the complaint he was and still is the owner of certain premises specifically described; that on or about the 6th day of October, 1896, and the 17th day of November, 1896, respectively, the plaintiff filed three notices of lien, copies of which are annexed to the answer, and that the same were docketed in the office of the clerk of the county of New York against the property described in the answer as owned by this defendant, for the price and value of the identical labor and materials referred to in the notice of lien mentioned in the complaint. The action was commenced in August, 1898, nearly two years after the last lien was filed.

Section 16 of the Lien Law provides that " no lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien and a notice of the pendency of

such action, whether in a court of record or in a court not of record, is filed with the county clerk of the county in which the notice of lien is filed." Section 18 provides that a lien may be discharged " by failure to begin an action to foreclose such lien or to secure an order continuing it within one year from the time of filing the notice of lien."

Upon the facts alleged in the answer, there being no allegation that an action had been commenced to foreclose the lien or that the time to commence such an action had been extended, the notice of lien had been discharged long before this action was commenced. There is no provision of the Lien Law which prevents a person furnishing materials or labor in the erection of a building upon real property from filing more than one lien upon such property. It is doubtful whether these notices of lien annexed to the defendant's answer were sufficient under the statute to create any lien upon the property therein described, but assuming that they would be sufficient and that they were filed during the performance of the contract, and subsequently, when the contract was fully performed, a new lien was filed for the amount due under the contract, I know of no provision of the Lien Law which would prevent the person filing the last lien from enforcing it and abandoning the liens filed during the performance of the contract. There is nothing in the statute which provides that successive liens may not be filed for the same work or that a notice of lien filed upon the completion of the contract is void because other notices of liens have been filed for a portion of the work done under the contract.

But one case is cited upon this point by counsel for the defendant. (*Battle* v. *McArthur*, 49 Fed. Rep. 715.) That was a decision of the United States Circuit Court under a lien law of the State of Missouri, and it was held that "the filing of one account that is good and sufficient to create a lien under the statute and satisfy its requirements exhausts the contractor's power to incumber the property." It is not necessary to approve or disapprove of this decision under the Lien Law of the State of Missouri, but it would seem that under the law of this State there is no restriction upon a person furnishing materials or labor for the construction of a building which confines him to one lien or prevents

him from filing a lien on the completion of a contract, because during the performance of the contract he has filed notices of liens for separate installments due thereunder. No reason is suggested which would justify us in importing into the statute of this State such a restriction.

I think, therefore, the demurrer to this defense should have been sustained and that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to amend his answer within twenty days upon payment of such costs.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to the defendant to amend answer within twenty days on payment of costs in this court and in the court below.