[No. 8761. Department Two. June 4, 1910.]

HERVEY LINDLEY, *Appellant*, v. J. R. McGLAUFLIN *et al.*, *Respondents*.[1]

MECHANICS' LIENS—FILING SECOND CLAIM—ACTION—LIMITATIONS—
TIME TO SUE. Where a second notice of mechanics' lien is filed within the ninety days allowed by Rem. & Bal. Code, § 1134, for, filing claims, for the purpose of correcting a supposed error in the first notice, the eight months allowed by Id., § 1138, for the commencement of an action to foreclose the lien begins to run from the date of filing the last notice; Id., § 1147, requiring a liberal construction of the lien laws, and there being no provision of law preventing the filing of successive liens within the ninety-day period.

Appeal from a judgment of the superior court for King county, Main, J., entered January 3, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Reversed.

*J. T. Watson* and *Dorr & Hadley*, for appellant.

*Roberts, Battle, Hulbert & Tennant* (*C. J. France*, of counsel), for respondents.

MOUNT, J.—This is an appeal from a judgment denying the foreclosure of a materialman's lien. A personal judgment was entered against the defendants J. R. McGlauflin and wife, but the trial court was of the opinion that the right to foreclose the lien was barred, and for that reason denied the foreclosure. The plaintiff appeals from that part of the decree.

It appears that on January 13, 1908, the appellant filed a claim of lien for $1,104.32, for labor and materials furnished in the construction of a house upon certain described real estate, alleging therein that the furnishing of such materials ceased December 10, 1907. Thereafter, on March 7,

[1]Reported in 109 Pac. 118.

1908, and within ninety days from the time of furnishing the last item, the appellant filed another lien claim for $1,148.12, in which it was recited "that this claim of lien is made for the purpose of correcting and amending that certain claim of lien heretofore filed, to wit, on January 13, 1908, and recorded in volume 27, Liens, page 522 of King County, Washington." On September 4, 1908, appellant commenced an action, in which it alleged the filing of the lien on January 13, 1908, and that it afterwards discovered that said lien claim did not contain a complete statement of the materials furnished, and that on March 7, 1908, a correct and amended lien was filed. That action sought to foreclose the first lien as amended by the lien filed March 7, 1908. Thereafter, on October 16, 1908, the appellant voluntarily dismissed, without prejudice, the action commenced September 4, 1908. Thereafter, on October 30, 1908, appellant brought this action to foreclose the lien claim filed on March 7, 1908. In this action the lien claim filed on January 13, 1908, was not mentioned, except as it is referred to by the clause of the lien notice above quoted. It will be noticed that the last item of materials was furnished on December 10, 1907. The first lien claim was filed within thirty days thereafter, and the one now sought to be foreclosed was filed within ninety days. This action was begun within eight months after the filing of the last claim, but not within eight months after the filing of the first claim of lien. The statute provides:

"No lien created by this chapter shall exist, and no action to enforce the same maintained, unless within ninety days from the date of the cessation of the performance of such labor or the furnishing of such materials, a claim for such lien shall be filed for record as hereinafter provided . . . and such claim of lien may be amended in case of action brought to foreclose the same, by order of the court, as pleadings may be, in so far as the interests of third parties shall not be affected by such amendment." Rem. & Bal. Code, § 1134.

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be com-

menced in the proper court within that time to enforce such lien, . . ." Rem. & Bal. Code, § 1138.

The main question in this case is whether the eight months began to run from the date of the filing of the first lien claim, or the date of the filing of the last lien claim. The lower court was of the opinion that the time began to run from the date of the filing of the first claim, for the reason that there can be filed but one perfect lien claim, and that the first one appeared upon its face to be a perfect claim. The statute does not limit the number of lien claims which may be filed, but it limits the time for filing such claims to within ninety days from the date of the cessation of labor or the furnishing of material. Clearly, the appellant was entitled to file a lien notice at any time within the ninety days. It filed one before the expiration of thirty days, and then discovered that it had not included therein the whole amount due. It then, within the ninety days, filed another claim, and stated that this claim is made for the purpose of correcting and amending the prior claim. The statute provides for amendments after action brought and also that "the provisions of law relating to liens created by this chapter, and all proceedings thereunder, shall be liberally construed with a view to effect their objects." Rem. & Bal. Code, § 1147. It would seem that such liberal construction would permit a claimant to file as many claims as he thought necessary within the ninety-day period, and that, if the first one did not contain his whole claim or was, in his opinion, defective in any respect, he might, within that time, file another. Many cases are cited by the appellant as sustaining this rule, while none are cited by the respondent as opposed to it. In *Huttig Bros. Mfg. Co. v. Denny Hotel Co.*, 6 Wash. 122, 32 Pac. 1073, this court said:

"It appears that two lien notices were filed, one on March 7, 1891, which was ruled out by the court at the trial on the ground that it was prematurely filed; but a subsequent notice filed May 13, 1891, after the delivery of all the materials,

was admitted. The last portion of the materials had been shipped and were on their way here when the first notice was filed, but had not yet arrived. If in consequence of this the first notice was prematurely filed, it would not deprive the respondent of the right to file another notice after all the materials had been delivered."

In *Clarke v. Heylman*, 80 App. Div. 572, 80 N. Y. Supp. 794, the court said:

"There is no provision of the lien law which prevents a person furnishing materials or labor in the erection of a building upon real property from filing more than one lien upon such property. It is doubtful whether these notices of lien annexed to the defendant's answer were sufficient under the statute to create any lien upon the property therein described; but, assuming that they would be sufficient, and that they were filed during the performance of the contract, and subsequently, when the contract was fully performed, a new lien was filed for the amount due under the contract, I know of no provision of the lien law which would prevent the person filing the last lien from enforcing it, and abandoning the liens filed during the performance of the contract. There is nothing in the statute which provides that successive liens may not be filed for the same work, or that a notice of lien filed upon the completion of the contract is void, because other notices of liens have been filed for a portion of the work done under the contract."

In *Barnett v. Clooney*, 68 Mo. App. 146, the court said:

"The defendant claims that as the suit was instituted on the second mechanic's lien filed, he was entitled to have the plaintiff nonsuited, provided the first lien filed was a *good* and *valid* lien, because in that event the second lien was a nullity and would not support a motion. While this seems to have been the rule in this state once, the later decisions, as pointed out in the opinion, have established a more equitable rule. Under these decisions the second lien is not a nullity, if the first lien filed was in any way *defective*. . . . It is the proper practice in such cases to have the second lien account refer in some manner to the first, so that the record should not show two encumbrances, where in fact only one exists."

In *El Reno Elec. Light & Telephone Co. v. Jennison,* 5 Okl. 759, 50 Pac. 144, the court said:

"So long as a party's time for filing a mechanic's lien had not expired, he could file as many statements in his effort to make a good lien as he chose, and certainly he could not be held to have exhausted his right by filing one or two or more imperfect statements. He might file half a dozen defective ones during that period, and then file one good and perfect one, and recover on that, disregarding all of the others."

In *South Missouri Lumber Co. v. Wright,* 114 Mo. 326, 21 S. W. 811, the court said:

"In this case the plaintiff had the right to include in one lien all of the houses and lots, . . . While the first lien was not void, as in the two cases last stated, still it was defective, in this: that it omitted one house and the half of one lot. Being a defective and incomplete lien statement, the plaintiff could file a perfect one at any time within the period prescribed for filing lien statements."

In *Bournonville v. Goodall,* 10 Pa. St. 133, the court said:

"Nor is there anything in the suggestion that the means of enforcing the lien given to mechanics and materialmen by the act of 1836, is exhausted in an abortive attempt to pursue the directions of the statute, by filing the claim within six months. This is but the mode of giving it fruitful effect, and should it fail from some technical or even substantial defect, the lien is no more destroyed than would be a bond sued out by an improper or inapplicable writ. The claim still remains, and so does the lien, until barred by the lapse of six months after the work finished or materials furnished."

In *Sarles v. Sharlow,* 5 Dak. 100, 37 N. W. 748, the court said:

"Under the law, plaintiffs had 90 days from the date of the last delivery of the lumber, the 10th day of September, 1884, in which to file their lien. Code Civil Proc., § 662. This being true, plaintiffs had the right, if dissatisfied with the lien as first filed, to amend it, or prepare and file a new one, at any time within the said 90 days."

In 27 Cyc., at page 206, the rule is stated as follows:

"It has been laid down flatly that the notice or claim of lien must be complete in itself at the time when it is filed for record in order to authorize its enforcement, and it is not capable of being amended or reformed, but the better rule appears to be that while the claim cannot be amended after the expiration of the time allowed for filing without statutory authority, prior to the expiration of that time it may be amended, or a new claim may be filed. In a number of jurisdictions, however, the statutes provide for the amendment of the claim or statement, even after the time allowed for filing has expired, and such amendment may be in matters of substance as well as in matters of form."

See, also, 20 Am. & Eng. Ency. Law (2d ed.), page 439.

We think this last statement is the correct rule under the liberal provisions of our statute. It follows that, if the appellant might file a new or amended claim of lien within the ninety-day period, the time for bringing the action to foreclose the same did not begin to run until the date of the filing of the claim upon which he relied.

Respondents argue that, because appellant began an action within eight months from the filing of the first claim in which both claims were mentioned, this shows that appellant relied upon the first claim. That action was voluntarily dismissed without prejudice, and is, therefore, of no force in determining whether the appellant relied upon the one or the other. In our opinion, the appellant was at liberty to rely upon the claim last filed if he chose to do so, and the time began to run from the time it was filed. The action was not barred until eight months after the date that claim was filed. The trial court therefore erred in holding that the lien claim was barred.

The judgment appealed from is therefore reversed, and the cause remanded with directions to the lower court to enter a decree foreclosing the lien for the amount due thereon, including a reasonable attorney's fee therein.

RUDKIN, C. J., PARKER, DUNBAR, and CROW, JJ., concur.