[No. 27587-2-II.   Division Two.   February 14, 2003.]

GEO EXCHANGE SYSTEMS, L.L.C., ET AL., *Appellants*, v. PIRFIL CAM, ET AL., *Respondents*.

*Michael B. King, David C. Spellman,* and *Charles J. Pruitt* (of *Lane Powell Spears Lubersky, L.L.P.*), for appellants.

*James S. Smith,* for respondents.

HUNT, C.J. — Geo Exchange Systems, LLC (GES), and Total Energy Concepts, Inc. (TECI), appeal the trial court's reduction of a private construction lien claim, which the trial court deemed excessive under RCW 60.04.081 by approximately $1 million. GES and TECI argue that the trial court erred in (1) ruling that the statute of limitations in RCW 60.04.141 extinguished TECI's right to collect the $1 million, which had been the subject of an earlier expired lien, and (2) reducing the later lien in a summary proceed-

ing. GES and TECI also seek attorney fees and costs under RCW 60.04.081(4) and RAP 18.1.

We hold that the statute of limitations for private project construction liens did not extinguish TECI's right to collect the earlier lien amount included in the later lien claim filed while work was still in progress. Accordingly, we reverse.

## FACTS

In 1997, Pirfil and Elena Cam began constructing the North Bonneville Hot Springs Resort in Skamania County. Pirfil is the president of Cam Construction, Inc., a closely held corporation that is the general contractor for the resort project.

In September 1997, Cam Construction contracted with TECI to install a geothermal heating system. Cam Construction agreed to pay TECI a total of $1,997,000 under the contract, with $500,000 payable during the first four months of the project and the remaining balance of $1,497,000 payable in monthly installments of $12,231.71, beginning June 15, 1998. TECI assigned the contract to GES.

### I. Liens

#### A. The First Lien

On December 26, 1997, GES recorded a $998,500 lien against the Cams' Bonneville Hot Springs property. The lien included notations that "[c]laimant continues to perform at the site" and that GES was TECI's assignee. It is undisputed that GES failed to take legal action to foreclose this first lien. In December 1999, GES reassigned its contract rights to TECI.

#### B. The Second Lien

On December 18, 2000, TECI recorded a second lien against the Cams' Bonneville Hot Springs property for

$1,527,163.54, which included the unpaid $998,500 from the first lien. TECI listed December 8, 2000, as the "LAST DATE ON WHICH LABOR WAS PERFORMED; PROFESSIONAL SERVICES WERE FURNISHED; CONTRIBUTIONS TO AN EMPLOYEE BENEFIT PLAN WERE DUE; OR MATERIAL, OR EQUIPMENT WAS FURNISHED . . . ." Clerk's Papers (CP) at 16. The lien noted, "IF THE CLAIMANT IS THE ASSIGNEE OF THIS CLAIM SO STATE HERE: None." CP at 17. TECI continued to work at the resort.

## II. Procedure

On March 6, 2001, the Cams moved for an order to show cause under RCW 60.04.081. They claimed that the statute of limitations in RCW 60.04.141 barred the first lien and, thus, the second lien was frivolous and clearly excessive because it included the amount set forth in the first lien.

After the show cause hearing on May 31, 2001, the trial court ruled that the second lien was excessive because "it includes work for which a lien was claimed by Geo Exchange Systems LLC on December 24, 1997" (the first lien).[1] CP at 26. The trial court reduced the second lien ($1,527,163.54) by the amount of the first lien ($998,500), leaving only $528,663.54 on the second lien. GES and TECI timely appealed.

## ANALYSIS

### I. Standard of Review

■ ■ We consider a summary procedure under RCW 60.04.081 analogous to a trial by affidavit; thus, we may review both the legal and factual determinations on appeal. See *W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc.*,

---

[1] Implicitly, the court ruled that because the first lien expired, GES and TECI could not use the second lien to revive their rights to the amount claimed in the first lien.

85 Wn. App. 744, 750, 934 P.2d 722 (1997). The parties here do not dispute the facts underlying the trial court's legal conclusion to which GES and TECI assign error, namely that the lien was excessive. We review legal issues de novo. *Nghiem v. State*, 73 Wn. App. 405, 412, 869 P.2d 1086 (1994).

## II. Statute of Limitations for Mechanics' and Materialmen's Liens

### A. General Statutory Requirements

Under RCW 60.04.021, "any person furnishing labor, professional services, materials, or equipment for the improvement of real property shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner . . . ." A lien claimant must

> file for recording, in the county where the subject property is located, a notice of claim of lien not later than ninety days after the person has ceased to furnish labor, professional services, materials, or equipment or the last date on which employee benefit contributions were due.

RCW 60.04.091.

To collect on a lien, a claimant must commence a legal action in superior court within eight calendar months after recording a lien claim. RCW 60.04.141.[2] This eight-month period is considered "a statute of limitations upon the duration of a mechanics' lien." *Curtis Lumber Co. v. Sortor*, 83 Wn.2d 764, 767, 522 P.2d 822 (1974).[3] Thus, if an action is not filed within eight months, the right to recover

---

[2] RCW 60.04.141 provides:

No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim of lien has been recorded unless an action is filed by the lien claimant within that time . . . . This is a period of limitation, which shall be tolled by the filing of any petition seeking protection under Title Eleven, United States Code . . . .

[3] *Curtis* addresses a previous eight-month statute of limitations for mechanics' liens, former RCW 60.04.100 (1943).

on this recorded lien expires. *Curtis Lumber*, 83 Wn.2d at 767-68.

■ Neither the statute nor the case law, however, precludes the claimant from thereafter seeking satisfaction of the underlying debt that triggered the expired lien. The issue here is whether a claimant's right to file successive liens under RCW 60.04.021 is extinguished if (1) the claimant does not file an action to foreclose on a previously-filed lien within eight months under RCW 60.04.141, and (2) the initial eight-month period expires before the claimant completes work on the project.

## B. CASE LAW INTERPRETING THE STATUTORY REQUIREMENTS

In the early 1900s, Washington courts interpreted the lien statutes liberally to the benefit of lien claimants. *See, e.g., Lindley v. McGlauflin*, 58 Wash. 636, 109 P. 118 (1910). In *Lindley*, the claimant filed a lien on January 13, 1908, claiming that he had completed the work on December 10, 1907. 58 Wash. at 636. The claimant filed another lien on March 7, 1908, stating that the purpose of the second lien was to correct and to amend the first lien. *Lindley*, 58 Wash. at 636-37. On September 4, 1908, the claimant began a foreclosure action on the first lien, as amended by the second lien, and then voluntarily dismissed that action without prejudice on October 16, 1908. *Lindley*, 58 Wash. at 637.

On October 30, 1908, the claimant attempted to foreclose on the second lien, but the trial court held that the lien claim was barred. *Lindley*, 58 Wash. at 636-37, 641. On appeal, the Supreme Court held that (1) a claimant can file a new or amended lien claim within the 90-day period following completion of work, and (2) the eight-month period for bringing an action to foreclose does not begin to run until new or amended claim is filed. *Lindley*, 58 Wash. at 641.[4]

---

[4] *See also Clarke v. Heylman*, 80 A.D. 572, 576-77, 80 N.Y.S. 794 (1903) (lien law does not prevent person filing the last lien from enforcing it and abandoning

The Cams cite a more recent case, *Airefco, Inc. v. Yelm Community Schools No. 2*, on which the trial court relied here. 52 Wn. App. 230, 758 P.2d 996, *review denied*, 111 Wn.2d 1029 (1988). In *Airefco*, we held that the lien claimant could not revive its lien after expiration of the four-month period for taking legal action. 52 Wn. App. at 231, 233-34. But *Airefco* involved a lien against a reserve fund[5] for a public project under RCW 60.28.030; *Airefco* did not address liens on private projects under RCW 60.04.141. *See Airefco*, 52 Wn. App. at 231-32.

While acknowledging that *Airefco* was a public contract case, the trial court here ruled that expiration of the first lien extinguished GES and TECI's rights to the amount claimed in that lien. The trial court also noted that if the underlying rights did not expire, then lien claimants could keep assigning their claims and try to keep the lien alive long after the statutory time had passed "as long as [it was done] within the completion of the time of the work." Report of Proceedings at 7.

We agree with GES and TECI that the public works distinction renders *Airefco* inapplicable. The policy against revival of retainage liens[6] for public contracts is to prevent the risk of double payment, such as where a contractor includes the lien amount when paying the subcontractor

---

earlier liens filed during the performance of the contract); *Huttig Bros. Mfg. Co. v. Denny Hotel Co.*, 6 Wash. 122, 126, 32 P. 1073 (1893) (premature filing of the lien did not deprive claimant of right to file another notice after all other materials had been delivered).

[5] The reserve fund is set up as an escrow account for the benefit of contractors and subcontractors on public works projects; it contains five percent of the total contract values for a public works project. *See* RCW 60.28.010. Its purpose is to give lien rights to contractors, who do not have lien rights against the public property they are employed to improve. *Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wn. App. 719, 729, 741 P.2d 58, *review denied*, 109 Wn.2d 1009 (1987). By law, the reserve fund must be used to pay the contractors and subcontractors. RCW 60.28.010. It does not revert to the public coffers.

[6] A retainage lien is the contractor's lien against the public project's reserve fund.

after a lien has expired.[7] *See Airefco*, 52 Wn. App. at 234-35. But here, with a private contract and no similar retainage fund, there is no risk of double payment: The Cams have not paid GES or TECI for any work after the first three progress payments. Br. of Appellant at 25.

Furthermore, as GES and TECI argue, under *Lindley*, private project lien claimants retain the right to file their liens up until the end of the 90-day period following work completion under RCW 60.04.091. *See Lindley*, 58 Wash. at 638, 641. Not only does the limitations period run from the filing of a second timely lien claim under *Lindley*, but successive liens can be filed any time up until 90 days from completion of the work on a private project. 58 Wash. at 638, 641.

We disagree with the Cams' attempt to distinguish *Lindley* on grounds that the lien claimant there had voluntarily dismissed, without prejudice, the foreclosure action on the first lien before attempting to foreclose on the second timely-filed lien. *See* 58 Wash. at 636-37. We also are not persuaded by their policy argument that innocent third parties rely on expiration of the earlier lien to their detriment.[8] Here, there was no innocent third party involved; moreover, the Cams could have removed the threat of future liens simply by paying their contractors what they were owed.

. Under the plain language of RCW 60.04.021 and RCW 60.04.091, as long as the claimant is still working on the contracted private project, a claimant may file a lien. A specific lien claim expires within the eight-month period under RCW 60.04.141, but the underlying right to claim a

---

[7] Moreover, a lien claimant has an alternate remedy against a public works contractor: The claimant may file a lien against the contractor's bond even after the retainage lien has expired. *See Indus. Coatings Co. v. Fid. & Deposit Co.*, 117 Wn.2d 511, 513-14, 518-19, 817 P.2d 393 (1991). Under chapter 39.08 RCW, a public works contractor must deliver a bond to the public body.

[8] The lien claimants in *Airefco* voluntarily dismissed their suit to foreclose on the first lien, which, unlike an expired lien, might be perceived differently by a third party as evidence that the lien claim has been satisfied. *See* 52 Wn. App. at 232. Here, however, the expired lien does not give a third party a reason to believe that the lien right was extinguished.

lien does not expire until 90 days after work ceases. RCW 60.04.141 is a statute of repose that may limit the remedy but does not extinguish the underlying right. *See, e.g., Lane v. Dep't of Labor & Indus.*, 21 Wn.2d 420, 426, 151 P.2d 440 (1944).

Accordingly, we hold that the statutory eight-month period for foreclosing on a filed lien claim under RCW 60.04.141 does not conclusively limit a claimant's underlying lien rights. Rather, a lien claimant may file successive liens so long as the claimant is still working or providing materials under the contract; successive liens may include amounts previously claimed, but not yet paid, under expired liens. Thus, a lien claimant may revive amounts owed for work under the contract previously included in an expired lien by filing another lien claim no later than 90 days after the claimant completes the work on the project.

Here, the trial court did not allow GES and TECI to include the first lien amount in the second lien claim. Thus, the trial court erred in ruling that the second lien was clearly excessive and by subtracting the amount of the first lien claim from the second.

### III. ATTORNEY FEES

We grant GES and TECI statutory attorney fees and costs for the summary proceedings below and for this appeal under RCW 60.04.081(4)[9] and RAP 18.1.

Reversed and remanded. The trial court shall determine the full amount of the lien in the foreclosure proceedings.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

---

[9] RCW 60.04.081(4) provides in pertinent part:

If the court determines that the lien is not frivolous and was made with reasonable cause, and is not clearly excessive, the court shall issue an order so stating and awarding costs and reasonable attorneys' fees to the lien claimant to be paid by the applicant.

634

shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SEINFELD and BRIDGEWATER, JJ., concur.