David B. BUSH, Appellant,

v.

MARYLAND CASUALTY COMPANY, Appellee.

No. 19545.

United States Court of Appeals Fifth Circuit.

Aug. 8, 1963.

Richard T. Trexler, New Orleans, La., for appellant.

Marian Mayer, New Orleans, La., for appellee.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

To preserve one's privilege under the Miller Act, a creditor, here the appellant, who has not had any contractual relationship with the prime contractor must give the prime contractor written notice of his claim within ninety days from the day he supplied the last material. 40 U.S.C.A. § 270a. In this case the prime contractor is the Succession of Voris J. Mitchell, represented by administrators *pro tempore* appointed by a Louisiana probate court. The question this case presents is whether the written notice required by the Miller Act should have been served on the administrators *pro tempore*. The administrators were not served within the required ninety days. The appellant contends that under Louisiana law administrators who have no formal, permanent letters of administration are not competent to receive notice of claims against the succession.

 The record shows that the United Sates Engineers entered into a new contract with the administrators *pro tempore* of the Succession of Voris J. Mitchell substituting them for the decedent as the prime contractor. Maryland Casualty, the surety, appeared in the new contract and furnished its substitute bond to secure the administrators *pro tempore*. Article 3111 of the LSA–Code of Civil Procedure provides specifically for provisional administrators. In these circumstances the district court properly granted a summary judgment dismissing the appellant's complaint for failure to serve the required notice on the prime contractor. The Louisiana probate court clothed the administrators with authority. The United States Engineers and the surety recognized that authority. This Court should not inquire into the validity of the Louisiana probate court's action in authorizing the administrators *pro tempore* to act as provisional representatives for purposes of fulfilling the decedent's contractual obligations.

The appellant grasps at straws in his constitutional argument. The Tenth Amendment and the Due Process Clause have no application here. In enacting the Miller Act, Congress gave suppliers of material a special privilege. Congress may fix reasonable conditions as a prerequisite to exercise of the privilege.

The judgment is affirmed.