[No. 1396-1.    Division One—Panel 1.    February 5, 1973.]

FOREMOST-MCKESSON SYSTEMS DIVISION OF FOREMOST-MCKESSON, INC., *Respondent and Cross-appellant,* v. DANIEL NEVIS *et al., Defendants,* UNITED PACIFIC INSURANCE COMPANY, *Appellant.*

*DeGarmo, Leedy, Oles & Morrison, Bruce T. Rinker,* and *Sam E. Baker, Jr.,* for appellant.

*Geraghty, Geraghty, VanDerhoef & Sawyer* and *Patrick A. Geraghty, Jr.,* for respondent and cross-appellant.

JAMES, J.—Two principal questions are presented by this appeal: (1) Did plaintiff, Foremost-McKesson Systems Division of Foremost-McKesson, Inc., comply with the provisions of RCW 39.08.030 in giving notice of its claim against its prime contractor's bond, and (2) did Foremost comply with RCW 60.28.010 in giving notice of its lien claim

against the owner's reserved fund? Both statutes concern public works contracts. The trial judge ruled that Foremost complied with RCW 39.08.030. We agree. He ruled that Foremost did not comply with RCW 60.28.010. We do not agree.

The stipulated facts are: Defendant University of Washington, acting through its Board of Regents, awarded a contract to defendant Seacoma Construction Company for kitchen remodeling work at Lander-Terry Hall. Pursuant to RCW 39.08, a bond was executed by Seacoma with defendant United Pacific Insurance Company as surety. To satisfy the contractual requirements for the supply of food service equipment, a subcontract was entered into between Seacoma and Foremost. Foremost claims an unpaid balance of $44,498.04 on its contract. It is stipulated that Seacoma is "defunct." Within 30 days of the completion of its contractual obligation and acceptance by the Board of Regents, Foremost mailed a signed letter to United Pacific's agent and on the same date mailed a copy of the letter with a typewritten signature to the Board of Regents. The letter is as follows:

FOREMOST-MCKESSON SYSTEMS DIVISION
P.O. Box 3607, Seattle, Washington 98124 206/662-5200
December 17, 1970

Stanley T. Scott & Co.
2312 Eastlake Ave. E.
Seattle, Washington 98102
Re: Terry Hall, University of Washington
     Contract No. 349
     Seacoma Construction Co.

Gentlemen:

This letter will serve as our notice of non-payment on the above job. As a subcontractor, we supplied the Food Service Equipment specified in Section 11A of the Architect's specifications.

The total amount of our contract is $75,860.00. In addition, we were requested to perform additional work amounting to $2,775.04. To date we have been paid only $34,137.00 and have had no payment on our invoice number 88-0058 dated September 23, 1970, a copy of which is

attached. A check in the amount of $10,000.00 was received but was NSF.

We have two items left to fulfill the contract requirements; replacement of a door latch on a walk-in cooler and resubmittal of operational manuals. We are holding up this work until we receive payment due us.

We are asking that Stanley Scott & Company pay us for the outstanding balance on our contract as provided in the bonded agreement.

Acknowledgment of receipt of this letter is requested.

Yours truly,
Kenneth W. Lemmon
Manager

cc: Board of Regents, U of W
    Richard Bouillon & Co./Architects
    James Lambert & Assoc., Food Service Consultant

The University of Washington treated the letter as a "notice" of Foremost's lien claim against the reserved fund.

RCW 39.08.030 in pertinent part provides as follows:

*Provided,* That such persons shall not have any right of action on such bond for any sum whatever, unless within thirty days from and after the completion of the contract with an acceptance of the work by the affirmative action of the board, council, commission, trustees, officer, or body acting for the state, county or municipality, or other public body, city, town or district, the laborer, mechanic or subcontractor, or materialman, or person claiming to have supplied materials, provisions or goods for the prosecution of such work, or the making of such improvement, shall present to and file with such board, council, commission, trustees or body acting for the state, county or municipality, or other public body, city, town or district, a notice in writing in substance as follows:

To (here insert the name of the state, county or municipality or other public body, city, town or district):

Notice is hereby given that the undersigned (here insert the name of the laborer, mechanic or subcontractor, or materialman, or person claiming to have furnished labor, materials or provisions for or upon such contract or work) has a claim in the sum of ............................ dollars (here insert the amount) against the bond taken from ............................ (here insert the name of the principal and surety or sureties upon such bond) for the work of ............................ (here insert a brief mention or de-

scription of the work concerning which said bond was taken).

(here to be signed) .................................................................

Such notice shall be signed by the person or corporation making the claim or giving the notice, . . . .

RCW 60.28.010 provides in pertinent part as follows:

Every person . . . shall have a lien upon said moneys so reserved: *Provided,* That such notice of the lien of such claimant shall be given in the manner and within the time provided in RCW 39.08.030 through 39.08.060 as now existing and in accordance with any amendments that may hereafter be made thereto: . . .

The contestants on appeal are plaintiff Foremost and defendant United Pacific. Both point out that the first question presented here was considered in *Fidelity & Deposit Co. v. Herbert H. Conway, Inc.*, 14 Wn.2d 551, 128 P.2d 764 (1942), and each finds support for its position in the opinion. The case represents Washington's most recent consideration of the question. The opinion observes that "judicial construction" of the statute has been the subject of numerous earlier cases and acknowledges that it is difficult to harmonize them. It is stated that the "difficulty confronting the court in applying [RCW 39.08.030] undoubtedly is caused by the fact that the statute reads, 'a notice in writing *in substance* as follows.'" (Italics in original.) *Fidelity & Deposit Co. v. Herbert H. Conway, Inc., supra* at 560.

■ Earlier cases have held that the primary purpose of the statute is *notice of nonpayment.*

But the primary purpose of the statute is notice. It is intended to inform the city and the bondsmen of the contractor who, if any, of the laborers, mechanics, and materialmen have not been paid, and any form of notice that does this, and does not mislead either the city or the bondsmen to their injury, is sufficient to comply with the statute.

*Strandell v. Moran,* 49 Wash. 533, 536, 95 P. 1106 (1908). *Fidelity & Deposit* also recognizes that the primary statutory purpose is "notice" and determines that "substantial compliance" requires

(1) that some notice must be filed with the proper body; (2) that it must be filed within at least thirty days from the completion of the contract and acceptance of the work; (3) that there must be some identification of the bond, surety, and work; and (4) that there must be some notice of an intent to claim against the bond.

*Fidelity & Deposit Co. v. Herbert H. Conway, Inc., supra* at 558.

We are satisfied that the copy of Foremost's letter sent to the Board of Regents meets *Fidelity & Deposit's* requirements. The first sentence of the letter advises that it is a "notice." It was sent to "(1) . . . the proper body", the University of Washington Board of Regents. It was "(2) . . . filed within at least thirty days from the completion of the contract and acceptance of the work." RCW 39.08.010 imposed upon the Board of Regents the duty to require a performance bond from Seacoma. United Pacific provided Seacoma's bond. Foremost's letter refers to the Seacoma Construction Company contract. Its reference to "the outstanding balance on our contract as provided in the *bonded* agreement" (italics ours), necessarily refers to the bond required by the Board of Regents and provided by United Pacific. Clearly then, Foremost's "notice" provides "(3) . . . some identification of the bond, surety, and work" and "(4) . . . some notice of an intent to claim against the bond." United Pacific offers no authority to support its claim that a typewritten signature is insufficient.

United Pacific also points out that although the trial judge ruled that Foremost's notice did not comply with RCW 60.28.010, he nevertheless failed to dismiss defendant University of Washington. United Pacific reasons that any judgment which Foremost could obtain against the University would concern only the University's custody of the reserved fund, and since the notice against the fund was found insufficient, the University of Washington should be dismissed so that the reserved fund can be released.

Foremost has cross-appealed from the denial of its claim

against the reserved fund. Neither of the parties has advised us as to the trial judge's reasons for determining that Foremost did not comply with RCW 60.28.010.

■ United Pacific argues that the trial judge's ruling should be affirmed because, even though it be held that Foremost did give valid notice of its claim against the bond, the notice cannot be read as a notice of intention to claim against the reserved fund. United Pacific points out that Foremost's letter makes no reference to the reserved fund.

In its reply brief, United Pacific cites *United States Fidelity & Guar. Co. v. Montesano,* 160 Wash. 565, 570, 295 P. 934 (1931) to support its position. We do not so read the opinion. The facts were stated to be that the claimant (a materialman) "timely filed its notice of claim against the bond given by the contractors. The claimant did not file a lien against the reserved fund." The opinion does not enlighten us as to why the notice of claim against the bond did not also, under the facts there present, make a claim of lien against the reserved fund. The question here presented—was a single notice effective to preserve a claim against both the bond and the reserved fund—was not considered. We hold that a single notice, if proper, will suffice to give notice of both a claim against the bond and a lien upon the reserved fund.

By appropriate statutes, the Board of Regents was required both to obtain a contractor's performance bond and to maintain a 15 percent reserved fund. Both requirements were for the benefit of Foremost as well as other contractors, laborers and materialmen. Foremost's letter advised the University of Washington that Seacoma was in default. The University of Washington could not reasonably have treated Foremost's letter other than as a notice under both RCW 39.08.030 and RCW 60.28.010 because it could serve no other purpose and did "not mislead either the [University of Washington] or [United Pacific] to their injury." *Strandell v. Moran, supra* at 536.

In any event, United Pacific cannot claim prejudice. It can assert no claim against the reserved fund unless and

until it discharges its surety obligation to Foremost. Upon payment to Foremost, United Pacific will be subrogated to Foremost's claim against the fund. In that event, it will be necessary for United Pacific to establish the *validity* of Foremost's notice. *See United States Fidelity & Guar. Co. v. Montesano, supra.*

Finally, United Pacific assigns error to the award of 8 percent interest on Foremost's claim for the period of time between completion of its contract and the entry of judgment. United Pacific asserts that RCW 19.52.010 requires that the rate for that period should be only 6 percent. Foremost does not dispute United Pacific's assertion.

The case is remanded for the purpose of amending the judgment to establish Foremost's lien against the reserved fund and to reduce the interest rate to 6 percent on Foremost's judgment against United Pacific for the period prior to the judgment date, December 23, 1971.

SWANSON, C.J., and FARRIS, J., concur.