[No. 12841-8-I. Division One. July 1, 1985.]

SHOPE ENTERPRISES, INC., *Appellant*, v. KENT SCHOOL DISTRICT, ET AL, *Respondents*.

---

*DeTurk & Froehling* and *Antoni H. Froehling,* for appellant.

*Jeffrey A. Hollingsworth,* for respondent Kent School District.

*Richard Blacklow* for respondents Prime Construction and United Pacific Insurance.

RINGOLD, J.—Shope Enterprises, Inc. (Shope) appeals the summary judgment dismissing its claim against Prime Construction Inc. (Prime), arguing that there were material issues of disputed fact, that RCW 60.28.030 violates equal protection, and that service of the summons and complaint was substantial compliance with the notice provisions of RCW 60.28.010. We affirm.

Prime contracted with Kent School District 415 (Kent) to do construction and repair work at Mattson Junior High School. Freeds Construction Inc. (Freeds) then entered into a subcontract with Prime to do the underground utilities work. Shope supplied Freeds with materials from August 14, 1980, to September 26, 1980.

Freeds did not pay Shope for the materials. In 1981, Shope filed a notice of claim for $8,240.74, plus interest,

against Kent, Prime, and Safeco Insurance Co. After learning that United Pacific Insurance Co. (United) was actually the surety, Shope sent an additional notice to United. After some correspondence with Prime and Kent, Shope filed this action on March 18, 1982, seeking recovery on the contractor's bond and from the retained percentage fund. Kent accepted the project in April 1982.

Prime's motion for summary judgment was granted, and Shope's claims against the contractor's bond and against the retained percentage fund were dismissed. Shope appeals only the dismissal of the claim against the retained percentage.

### EQUAL PROTECTION

RCW 60.28.010 requires that a percentage of the estimated cost of public projects be reserved as a trust fund for the payment of laborers, subcontractors, and suppliers involved in the project. RCW 60.28.010 allows suppliers to recover against the fund "*[p]rovided,* That such notice of the lien of such claimant shall be given in the manner and within the time provided in RCW 39.08.030 . . ." RCW 39.08.030 sets forth the requirements for recovery on a contractor's bond. Under RCW 60.28.030 "[a]ny person . . . filing a claim against the reserve fund shall have four months from the time of the filing thereof in which to bring an action to foreclose the lien."

Shope contends that RCW 60.28.030 is unconstitutional because it creates two classes and treats them unequally. Shope compares this statute with the nonclaim statute, RCW 4.96.020. The nonclaim statute limited the time for filing a tort claim against a public entity to 120 days and was found to violate equal protection. *Hunter v. North Mason High Sch.,* 85 Wn.2d 810, 539 P.2d 845 (1975). *See also Cook v. State,* 83 Wn.2d 599, 521 P.2d 725 (1974) (former RCW 4.92.100, limiting time of filing against State, violates equal protection); *Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975) (3–month limitation of RCW 36.45-.030 violates equal protection). The *Hunter* court reasoned

that the nonclaim statute created two classes of tort litigants: those filing against the government, and all other tort litigants. The court held that the 120–day filing period seriously infringed the right to bring suit, and that disparate treatment of the two classes was not justified.

■ ■ The retained percentage statute is distinguishable from the nonclaim statutes. RCW 60.28.010 *et seq.* create a new right for suppliers, allowing them to file against the trust fund even though they are not in privity with, and have no claim against, the general contractor. There is no such right absent the statute. The 4–month period for filing suit is not a statute of limitation, but an integral part of the right created by the statute. *Bellevue Sch. Dist. 405 v. Brazier Constr. Co.,* 103 Wn.2d 111, 691 P.2d 178 (1984). The right to a lien ceases to exist when the designated period is over. *Hutton v. State,* 25 Wn.2d 402, 171 P.2d 248 (1946); *Bellevue Sch. Dist.,* at 117. There are not two classes of litigants as there were under the nonclaim statutes, nor is a common law remedy impaired. Shope retains the right to pursue its remedy against Freeds. It is precluded only from filing against the retained percentage fund.

When the Legislature creates a special right, it may impose special conditions upon that right without violating equal protection. In construing the Miller Act, 40 U.S.C.A. § 270a–d, which provides for liens against a contractor's bond on federally funded projects, the federal courts have held that a written notice requirement is a mandatory condition precedent to recovery. *United States ex rel. Am. Radiator & Standard Sanitary Corp. v. Northwestern Eng'g Co.,* 122 F.2d 600 (8th Cir. 1941). Failure to follow the requirements bars the suit, and the requirements do not violate equal protection. *Bush v. Maryland Cas. Co.,* 320 F.2d 939 (5th Cir. 1963). Other legislative enactments that create a special right with specific conditions have been upheld in the Washington courts. *See, e.g.,* RCW 60.04 (mechanics lien); RCW 39.08 (contractor's bond).

A statute complies with equal protection requirements if:

(1) it applies equally to all members of a designated class; (2) there are reasonable grounds for distinguishing those falling within and those without the class; and (3) the disparate treatment is rationally related to the goal of the legislation. *Sonitrol Northwest, Inc. v. Seattle,* 84 Wn.2d 588, 589–90, 528 P.2d 474 (1974). The retained percentage statute meets these criteria and does not violate equal protection.

## OTHER ISSUES

Shope also argues that there were material issues of disputed fact so that it was error to grant a summary judgment. Contrary to Shope's contention, the record is clear that Shope did not comply with the 4–month requirement of RCW 60.28.030. The alleged disputed questions of "good faith, negligence and intent" are not material and do not preclude summary judgment. *See Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982).

Finally, Shope asserts that the March 1982 filing of the lawsuit was substantial compliance with RCW 60.28.010, and that substantial compliance preserves the lien under *Foremost–McKesson Sys., Div. of Foremost–McKesson, Inc. v. Nevis,* 8 Wn. App. 300, 505 P.2d 1284 (1973). Shope reasons that notice could have been filed at any time until 30 days after the acceptance of the project, and that filing of the lawsuit was therefore both timely and adequate.

█ Shope could have delayed filing the notice, as they suggest. Alternatively, they could have kept their claim current by refiling the notice every 4 months. *Cf. Nemah River Towboat Co. v. Brewster,* 152 Wash. 672, 278 P. 694, 279 P. 1107 (1929); *Rachow v. Philbrick & Nicholson, Inc.,* 148 Wash. 214, 217, 268 P. 876 (1928); *Lindley v. McGlauflin,* 58 Wash. 636, 109 P. 118 (1910). Shope did not elect either of these alternatives. The statute requires commencement of the lawsuit within 4 months of filing notice, which may be given at any time until 30 days after acceptance of the project. Allowing filing before acceptance of the project allows the supplier early recovery against the fund.

Failure to proceed with a lawsuit within 4 months after notice could lull the owner and contractor into believing that the subcontractor had paid the supplier. Having elected to proceed against the fund before acceptance of the project, however, Shope was required to file suit within 4 months. Failure to do so bars recovery against the fund. The rule may seem draconian, but lien statutes are in derogation of the common law and will be strictly construed. *Willett v. Davis,* 30 Wn.2d 622, 193 P.2d 321 (1948).

The trial court judgment is affirmed.

WEBSTER, J., and PETRIE, J. Pro Tem., concur.