[No. 10930–1–II.   Division Two.   August 16, 1988.]

AIREFCO, INC., *Appellant,* v. YELM COMMUNITY SCHOOLS NO. 2, ET AL, *Respondents.*

---

*Stuart R. Dunwoody, Kathryn E. Cashin, Janet E. Murphy,* and *Davis, Wright & Jones,* for appellant.

*Peter N. Ralston* and *Oles, Morrison, Rinker, Stanislaw & Ashbaugh,* for respondents.

ALEXANDER, J.—Airefco, Inc., appeals the Thurston County Superior Court's order dismissing its action to foreclose its lien against a reserve fund. We affirm, concluding that Airefco was barred from maintaining the foreclosure action because it did not file its lawsuit within 4 months of the filing of its first notice of claim of lien.

Yelm Community Schools No. 2 awarded a contract to R.W. Huff Construction Co., Inc., to construct the Yelm Middle School. Huff, in turn, awarded a subcontract to Advance Mechanical, Inc. Advance Mechanical ordered certain equipment for the project from Airefco, failed to pay for it, and then declared bankruptcy.

On September 11, 1985, Airefco filed a notice of claim of lien against the reserve fund with Yelm Schools and Huff Construction, which Yelm Schools held pursuant to the provisions of RCW 60.28.010. Almost 8 months later Airefco filed another notice of claim of lien, which contained the same information as the earlier notice.

On September 2, 1986, Airefco, seeking to foreclose its lien, filed a summons and complaint against Yelm Schools

and Huff Construction in the Thurston County Superior Court.

On November 5, 1986, Airefco again refiled its notice of claim of lien against the retained funds. On January 15, 1987, Yelm Schools accepted the project. On February 5, 1987, Airefco voluntarily dismissed its superior court action against Yelm Schools and Huff "without prejudice."

On February 9, 1987, a bankruptcy court granted Airefco's request to be relieved from a stay imposed by that court. This permitted Airefco to name Advance Mechanical as a defendant and to seek enforcement of its lien against any interest that Advance Mechanical had in the funds retained by the Yelm Schools. Two days later, Airefco filed a summons and complaint in the Thurston County Superior Court, again seeking to foreclose its lien against the retainage. It named Huff Construction, Yelm Schools, and Advance Mechanical as defendants.

Huff moved to dismiss Airefco's complaint, claiming that Airefco's action was barred by provisions of the public works lien statute, RCW 60.28.030, because Airefco did not file its lawsuit to foreclose its lien within 4 months of the time it filed its first notice of claim of lien. The trial court granted the motion and dismissed Airefco's action with prejudice.

RCW 60.28.010 requires public bodies such as Yelm Schools to retain a percentage of the money earned by a contractor on a public project in a trust fund for the protection and payment of, among others, "materialmen" who supply subcontractors with supplies or provisions used on a public project. The same statute provides that a materialman shall give notice of lien in the manner "provided in RCW 39.08.030".

RCW 39.08.030 provides that a claim of lien must be filed within 30 days "from and after the completion of the contract with an acceptance of the work". A claimant need not wait until completion and acceptance to file a claim, however, and may file it as soon the material is furnished to the

project. *Denny–Renton Clay & Coal Co. v. National Sur. Co.,* 93 Wash. 103, 110, 160 P. 1 (1916).

Yelm Schools accepted the project on January 15, 1987. Consequently, it is beyond dispute that all of Airefco's notices of claim of lien were filed within 30 days of the project's completion. Indeed, all three notices were filed before the project was accepted. The real dispute between the parties is whether Airefco's lien expired because it did not bring an action to foreclose its lien within 4 months of September 11, 1985, the date it initially filed its notice of claim of lien.

Division One recently addressed this question in *Shope Enters. v. Kent Sch. Dist.,* 41 Wn. App. 128, 702 P.2d 499 (1985). Although the court in *Shope* recognized that a lien claimant may file more than one notice of claim of lien, it held that if a notice of claim of lien is filed before the public agency accepts the project, the claimant must file suit within 4 months of the notice of claim. *Shope,* 41 Wn. App. at 132–33. It concluded that if the claimant fails to proceed with a lawsuit within 4 months of the notice of claim of lien, the claimant is barred from recovery against the fund. *Shope,* 41 Wn. App. at 133. The *Shope* opinion finds support in RCW 60.28.030, which provides:

> Any person, firm, or corporation filing a claim against the reserve fund shall have four months from the time of the filing thereof in which to bring an action to foreclose the lien. . . . *If a claimant fails to bring action to foreclose his lien within the four months period, the reserve fund shall be discharged from the lien of his claim and the funds shall be paid to the contractor. . . .*

(Italics ours.)

Lien statutes are in derogation of the common law and should be strictly construed. *Shope,* 41 Wn. App. at 133. We find that the language in RCW 60.28.030 is unambiguous and indicates, as the court noted in *Shope,* that a claimant's lien ceases to exist when the designated 4–month period has passed without any action being commenced to foreclose the lien. *Shope,* 41 Wn. App. at 131; *see also*

*Nemah River Towboat Co. v. Brewster,* 152 Wash. 672, 679–80, 278 P. 694, 279 P. 1107 (1929) (interpreting the public works lien statute). Because Airefco did not file its action to foreclose its lien within 4 months of the initial filing of its notice of claim of lien, the trust fund was discharged from the lien.

Airefco argues that an action was started within 4 months of the date of the filing of its last notice of lien and that the statutory requirement was, therefore, met. We disagree, concluding that Airefco's claim of lien was not revived by the filing of a new notice after the 4–month period had expired from the date of the initial filing.

We recognize that a claimant who files a claim before acceptance of the project may keep the lien claim alive. The court in *Shope* noted that a lien may be kept vital if it is refiled every 4 months. *Shope,* 41 Wn. App. at 132. Here, however, more than 4 months elapsed from the date the lien was filed to the date of the filing of the second and third lien notices, and, consequently, Airefco's lien was discharged and could not be revived.

The result here may seem harsh. However, the court in *Shope* offered a sound policy reason in support of its construction of the statute: "Failure to proceed with a lawsuit within four months after notice could lull the owner and contractor into believing that the subcontractor had paid the supplier. . . ." *Shope,* 41 Wn. App. at 133. We find this reasoning persuasive. A contractor who is vigilant and aware of the lien filings may be led to take certain actions in reliance on the fact that a lien was not renewed within 4 months of its filing or that an action to foreclose the lien was not filed within the same period. For example, a contractor might note that a materialman had not filed an action to foreclose its lien within 4 months of the filing of the notice of lien. In reliance on that information, the contractor might elect to pay the subcontractor who had ordered the materials, concluding that the reserve fund is discharged from the lien. If the materialman were permitted to bring an action to foreclose the lien more than 4

months after it was filed, the reserve fund, which would otherwise belong to the contractor, would be reduced by the amount of the materialmen's lien claim. In such a case the contractor would have paid the same obligation twice.

The *Shope* decision and our decision here does not, in our judgment, conflict with previous Washington cases, which indicated that more than one notice of claim of lien may be filed. *See, e.g., Lindley v. McGlauflin,* 58 Wash. 636, 109 P. 118 (1910) (interpreting the predecessor to RCW 60.04); *Rachow v. Philbrick & Nicholson, Inc.,* 148 Wash. 214, 217, 268 P. 876 (1928) (interpreting the public works lien statute); *West v. Jarvi,* 44 Wn.2d 241, 266 P.2d 1040 (1954) (interpreting RCW 60.04.020). In these cases, the courts recognized that a claimant may file more than one notice of claim, as long as the notice of claim was filed within the claim filing period. In none of these cases, however, had the period for commencing an action expired at the time the subsequent claim notices were filed. The trial court did not err in dismissing Airefco's action.

We affirm.

REED, C.J., and WORSWICK, J., concur.

Review denied by Supreme Court November 29, 1988.