[No. 23107–3–I.   Division One.   April 23, 1990.]

KELLER SUPPLY COMPANY, INC., *Respondent,* v. LYDIG CONSTRUCTION COMPANY, INC., ET AL, *Appellants.*

Lynden O. Rasmussen, Carl E. Hueber, and Winston & Cashatt, for appellants.

David R. Riley and Weinstein, Hacker & Matthews, Inc., P.S., for respondent.

GROSSE, J.—Lydig Construction, Inc. (Lydig) and Federal Insurance Company (Federal) appeal a summary judgment granted in favor of Keller Supply Company, Inc.

(Keller). The question presented is whether Keller substantially complied with the preclaim notice requirements of RCW 39.08 (hereinafter the Bond Act) and RCW 60.28 (hereinafter the Retainage Act). We affirm.

In May of 1986, Lydig, as the project general contractor, and Warrior Mechanical, Inc. (Warrior), as the mechanical subcontractor, commenced work on the University of Washington Husky Stadium Expansion Project. As required by law, Lydig posted a performance bond, provided by Federal, and the University retained a percentage of the total contract to satisfy unpaid claims of materialmen. Keller provided plumbing materials to Warrior for the project. During the project, Warrior became insolvent and was unable to pay Keller. Subcontractors, including Keller, filed claims against Lydig's bond and against the retainage. Lydig refused to pay Keller's claim stating Keller failed to comply with the preclaim notice requirements of either the Bond Act or the Retainage Act.

On February 20, 1987, Keller notified the University of Washington it was supplying plumbing materials to Warrior. Keller sent by certified mail a copy of this written notice to Lydig and Warrior. The last paragraph of the notice stated:

> We are required by law to furnish this notice to the owners of all property to which we deliver materials and supplies, so they may have notice that in the event of non–payment of our account, a materialman's lien may be claimed by us. This notice is not in itself a claim of lien, nor does it imply in any way that a lien may be necessary. It is sent only because we are required by statute to do so.

The notice did not specifically state that Keller would look to Lydig's bond or the retainage for any claim in case of nonpayment, and the notice was addressed only to the University of Washington, not Lydig.

The two statutes at issue here are RCW 39.08 and RCW 60.28. These statutes provide as follows:

> **Notice to contractor condition to suit on bond when supplies are furnished to subcontractor.** Every person, firm or corporation furnishing materials, supplies or provisions

to be used in the construction, performance, carrying on, prosecution or doing of any work for the state, or any county, city, town, district, municipality or other public body, shall, not later than ten days after the date of the first delivery of such materials, supplies or provisions to any subcontractor or agent of any person, firm or corporation having a subcontract for the construction, performance, carrying on, prosecution or doing of such work, deliver or mail to the contractor a notice in writing stating in *substance and effect* that such person, firm or corporation has commenced to deliver materials, supplies or provisions for use thereon, with the name of the subcontractor or agent ordering or to whom the same is furnished and that such contractor and his bond will be held for the payment of the same, and no suit or action shall be maintained in any court against the contractor or his bond to recover for such material, supplies or provisions or any part thereof unless the provisions of this section have been complied with.

(Italics ours.) RCW 39.08.065.

**Recovery from retained percentage—Written notice to contractor of materials furnished.** Every person, firm, or corporation furnishing materials, supplies, or equipment to be used in the construction, performance, carrying on, prosecution, or doing of any work for the state, or any county, city, town, district, municipality, or other public body, shall give to the contractor of the work a notice in writing, which notice shall cover the material, supplies, or equipment furnished or leased during the sixty days preceding the giving of such notice as well as all subsequent materials, supplies, or equipment furnished or leased, *stating in substance and effect* that such person, firm, or corporation is and/or has furnished materials and supplies, or equipment for use thereon, with the name of the subcontractor ordering the same, and that a lien against the retained percentage may be claimed for all materials and supplies, or equipment furnished by such person, firm, or corporation for use thereon, which notice shall be given by (1) mailing the same by registered or certified mail in an envelope addressed to the contractor, or (2) by serving the same personally upon the contractor or the contractor's representative and obtaining evidence of such service in the form of a receipt or other acknowledgement signed by the contractor or the contractor's representative, and no suit or action shall be maintained in any court against the retained percentage to recover for such material, supplies, or equipment or any part thereof unless the provisions of this section have been complied with.

(Italics ours.) RCW 60.28.015.

The preclaim notice requirements of RCW 60.28.015 and RCW 39.08.065 are almost identical. Under both statutes,

Keller must (1) notify the contractor "in substance and effect" that he is (2) providing materials to the project, (3) upon the request of a specified subcontractor. Further, pursuant to each statute, Keller must notify the contractor "in substance and effect" that a lien against either the bond or the retained percentage may be claimed. Neither the bond nor the retainage were specifically identified in the notice Keller sent to Lydig. Both statutes preclude action against the bond or retained percentage if the claimant does not comply with their provisions.

·Lydig argues that these statutes should be strictly construed because liens are in derogation to common law, citing *International Comm'l Collectors, Inc. v. Mazel Co.,* 48 Wn. App. 712, 740 P.2d 363 (1987) and *CH2M Hill, Inc. v. Greg Bogart & Co.,* 47 Wn. App. 414, 735 P.2d 1330, *review denied,* 108 Wn.2d 1023 (1987). Neither case is controlling. Both resolve issues relating to the priority of liens against the contractor's bonds, not the issue of notice. We believe the controlling case is *Foremost–McKesson Sys. Div. of Foremost–McKesson, Inc. v. Nevis,* 8 Wn. App. 300, 505 P.2d 1284 (1973).

The facts of *Foremost* are virtually identical to the facts at issue here, with one principal difference. The *Foremost* court reviewed the postwork notice requirements, rather than the preclaim notice requirements at issue here.[1] We do not believe the difference is significant.

With regard to the statutes at issue, the *Foremost* court stated as follows:

> The question here presented—was a single notice effective to preserve a claim against both the bond and the reserved fund— was not considered. We hold that a single notice, if proper, will suffice to give notice of both a claim against the bond and a lien upon the reserved fund.

---

[1]Both acts require postwork notice as a condition precedent to valid claims against the bond or retainage. At the time the *Foremost* case was decided, the Retainage Act did not contain a preclaim notice provision. The Legislature amended the act adding the relevant provisions in 1986. Laws of 1986, ch. 314, § 5.

*Foremost,* at 305. With regard to RCW 39.08, the *Foremost* court stated:

> Earlier cases have held that the primary purpose of the statute is *notice of nonpayment.*
>
> But the primary purpose of the statute is notice. It is intended to inform the city and the bondsmen of the contractor who, if any, of the laborers, mechanics, and materialmen have not been paid, and any form of notice that does this, and does not mislead either the city or the bondsmen to their injury, is sufficient to comply with the statute.

*Strandell v. Moran,* 49 Wash. 533, 536, 95 P. 1106 (1908). *Fidelity & Deposit [Co. v. Herbert H. Conway, Inc.,* 14 Wn.2d 551, 128 P.2d 764 (1942)] also recognizes that the primary statutory purpose is "notice" and determines that "substantial compliance" requires

> (1) that some notice must be filed with the proper body; (2) that it must be filed within at least thirty days from the completion of the contract and acceptance of the work; (3) that there must be some identification of the bond, surety, and work; and (4) that there must be some notice of an intent to claim against the bond.

*Fidelity & Deposit Co. v. Herbert H. Conway, Inc., supra* at 558.

*Foremost,* at 303–04. The *Foremost* court treated the provisions of the two chapters of the Revised Code of Washington the same for purposes of testing the sufficiency of the notice.[2]

▮▮ The requisites with regard to a preclaim notice should be no different than those with regard to a postwork notice. Here, the notice sent by Keller, although unartful, informed Lydig of the potential lien: (1) the notice was sent to and received by Lydig albeit in the form of a copy of a notice sent to the owner; (2) the notice was timely; (3) the notice identified the job for which the materials were supplied; and (4) the notice specifically stated an intention to claim a lien in the event of nonpayment. Unquestionably,

---

[2]The Legislature intended similar treatment as evidenced by the internal reference in RCW 60.28.010 to RCW 39.08.030. In relevant part RCW 60.28.010 provides: "Every person performing labor or furnishing supplies toward the completion of said improvement or work shall have a lien upon said moneys so reserved: *Provided,* That such notice of the lien of such claimant shall be given in the manner and within the time provided in RCW 39.08.030 as now existing and in accordance with any amendments that may hereafter be made thereto: . . .".

both Lydig and the University of Washington were aware of Keller's role in supplying materials for the job and both were aware of the obligations of the public body pursuant to the respective statutes.

Both statutes impose mandatory requirements on a public body contracting for public works. RCW 39.08.015 provides that the public body is itself liable to any of the persons protected by the provisions of RCW 39.08.010 in the event the public body fails to obtain the bond required by the statute. RCW 60.28.010(1) requires the public body retain a percentage of the contract price "as a trust fund for the protection and payment of any person or persons, mechanic, subcontractor or materialman who shall perform any labor upon such contract . . .". We believe the clear purpose of these statutes is to benefit those persons within the protected class. Keller falls within the scope of both statutes since it supplied materials to the project, was not paid in full for those materials supplied, and funds are available to pay Keller in full. In short, we cannot find in this record any prejudice to the appellants' interests as a result of the alleged deficiencies in the notice. Indeed, we believe the facts and equities bring the respondent squarely within the statutory protections. We affirm summary judgment on the issue of compliance with the notice provisions of both statutes.

Lydig argues the trial court improperly awarded and calculated prejudgment interest to Keller with respect to its claim. The trial court awarded interest at a rate of 1.8 percent per month based upon the contract between Warrior and Keller. Because the contract is not part of the record before this court, we cannot use it to support the trial court's ruling. In any event, we do not believe Keller's right of action in the instant matter arises in any way out of its contract with Warrior. Rather, its claim is based solely on the provisions of the Bond Act and the Retainage Act. Therefore, Keller is entitled to prejudgment interest at the statutory rate from the date it filed its claim of lien.

On cross appeal, Keller asserts the trial court erred by failing to award attorney's fees. We believe Keller's cross appeal is well taken as the provisions of RCW 60.28.030 and RCW 39.08.030 provide for attorney's fees in any action brought to enforce the lien.[3] Keller has also requested attorney's fees on appeal. The right to attorney's fees below entitles Keller to attorney's fees on appeal, but that right is contingent on compliance with RAP 18.1. The rule allows a party to recover attorney's fees and costs if he (1) requests attorney's fees in his brief, (2) 7 days before oral argument serves and files an affidavit detailing the expenses and services performed by counsel, and (3) requests attorney's fees at oral argument. This court will not award attorney's fees here because Keller failed to comply with the rule. Although briefed, Keller failed to request attorney's fees at oral argument or to file the affidavit 7 days prior to oral argument.[4] Under these circumstances Keller has failed to comply with RAP 18.1 and is not entitled to attorney's fees on appeal. *Kreidler v. Eikenberry,* 111 Wn.2d 828, 841, 766 P.2d 438 (1989).

We affirm the summary judgment holding that Keller substantially complied with the preclaim notice requirements of the Bond Act and the Retainage Act but reverse and remand on the issue of attorney's fees with instructions to the trial court to determine the proper amount to be awarded Keller as attorney's fees at trial, and to recalculate

---

[3]RCW 60.28.030 provides in part: "In any action brought to enforce the lien, the claimant, if he prevails, is entitled to recover, in addition to all other costs, attorney fees in such sum as the court finds reasonable."

RCW 39.08.030 provides in part: "[I]n any suit or action brought against such surety or sureties by any such person or corporation to recover for any of the items hereinbefore specified, the claimant shall be entitled to recover in addition to all other costs, attorney's fees in such sum as the court shall adjudge reasonable . . . ."

[4]On December 6, 1989, Keller's counsel filed the appropriate affidavit, but only in response to Lydig's motion to strike Keller's claim for attorney's fees on appeal.

602

the amount of prejudgment interest in accordance with the statutory rate.

COLEMAN, C.J., and WEBSTER, J., concur.

Review denied at 115 Wn.2d 1012 (1990).