[No. 16721-2-II.    Division Two.    April 13, 1995.]

W.R. "Rex" Thompson, et al, *Appellants*, v. Peninsula School District No. 401, *Respondent*.

*Terry Ray Marston* and *Hintze & Wright,* for appellants.

*Darrel B. Addington* and *Vandeberg, Johnson & Gandara,* for respondent.

SEINFELD, C.J. — This case involves an interpretation of the public works prevailing wage law and prompt payment law. Peninsula School District No. 401 (District) delayed the final payment on its contract with W.R. "Rex" Thompson's RTC Construction Company (Thompson) because an employee of the Department of Labor and Industries (DLI) filed a claim alleging that Thompson had not paid two of its employees consistent with state wage laws. Thompson seeks interest on the delayed payment and attorney's fees incurred in bringing this action. The trial court granted the District's motion for summary judgment and awarded it attorney's fees. We reverse.

### FACTS

Thompson contracted with the District in 1989 to construct school playing fields. The District made monthly progress payments to Thompson, withholding five percent from each payment as the retained percentage. It withheld a total of $7,697.24, which it deposited in an escrow account.

The District concedes that Thompson complied with the requirements in RCW 39.12.040 that it submit a "Statement

of Intent to Pay Prevailing Wages" and an "Affidavit of Wages Paid", both approved by the industrial statistician for DLI.[1] However, by letter dated August 8, 1990, Inez Levin, a regional supervisor for DLI, advised the District that DLI had:

> found RTC Construction in violation of RCW 39.12, non payment of the Prevailing Wage rate, and non payment of overtime.
>
> . . . .
>
> The Department will be filing a Lien on this project for the wages listed above.

On September 13, 1990, the board of directors of the District formally accepted Thompson's work. On October 8, 1990, before the District released the retained moneys, the District received notice of a $7,096.90 claim Levin had filed against the retained percentage on behalf of workers Clemens Massine and Donald Blakeney.

On February 9, 1991, the 4-month time period expired for DLI, Massine, or Blakeney to file a lawsuit to perfect their claims. Nonetheless, the District still did not release the retainage. Finally, on March 27, 1991, counsel for Thompson wrote the District requesting immediate payment. Concerned about the unsatisifed expired wage claims, the District refused.

On April 1, 1991, the District received a call from Levin, who advised the District not to release the funds. On September 4, 1991, the District received a copy of a DLI "Notice of Violation" against Thompson dated June 11, 1991. DLI claimed that Thompson (1) failed to pay the prevailing wage rate (RCW 39.12.020); (2) submitted a false "Statement of Intent to Pay Prevailing Wages" (RCW 39.12.050); and (3) failed to keep accurate payroll records (WAC 296-127-320). It assessed a total of $9,516.28 in unpaid wages and civil fines against Thompson. Thompson responded to the notice by requesting a hearing.

---

[1]Apparently the District misplaced these documents. By letter dated October 9, 1991, an assistant attorney general advised counsel for the District that release of the retainage without receipt of these documents might expose the District to "potential liability".

Meanwhile, in August and again in early October 1991, Thompson's counsel wrote additional letters to the District requesting release of the retained percentage. The District continued to refuse payment, and on October 28, 1991, Thompson brought this action. The District then sought to interplead DLI and the former employees. However, DLI and the former employees disclaimed any rights to claim against the retainage. The District then notified Thompson that it was prepared to release the funds. Its representative signed the release on January 7, 1992.

Thompson moved for summary judgment on its claim for statutory interest at 12 percent per annum on the retained percentage from February 9, 1991, the date the workers' lien rights expired,[2] to January 1992, for a total award of $639.45.[3] Thompson also requested an award of attorney's fees. The District filed a cross motion for summary judgment of dismissal and for attorney's fees. The trial court denied Thompson's motion and entered judgment in favor of the District.

On appeal, Thompson claims that the trial court erred by failing to strike as hearsay certain portions of the District's declarations and by concluding that it was not entitled to interest and attorney's fees.

I

Thompson asserts that the trial court erred by failing to strike from the record those portions of the declarations of the District's attorney and its administrative secretary characterizing Thompson's "Affidavit of Wages Paid" as false. Thompson claims that these statements rely upon inadmissible hearsay of DLI's Inez Levin.

■ The challenged statements are relevant to show the state of mind of the District. Thus, they are not inadmissible hearsay. *See* ER 801(c).

---

[2]The District acknowledges that the workers' retainage lien rights expired in February 1991.

[3]The retained percentage in the escrow account had been earning a bank interest rate of 4.25 percent. The net difference between the 4.25 percent earned and the 12 percent claimed was $639.45.

## II

Thompson claims the trial court erred in denying him unpaid interest on the retained percentage and attorney's fees. RCW 39.76. In reviewing a summary judgment, we engage in the same inquiry as the trial court. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990).

> A summary judgment motion can be granted only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The court must consider the facts in the light most favorable to the non-moving party, and the motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Wilson*, at 437.

*Marincovich*, at 274; CR 56(c).

The District does not dispute that Thompson is entitled to interest if it failed to make timely payment to Thompson and withheld an amount due him. *See* RCW 39.76.010(1) (Subject to certain exceptions set forth in RCW 39.76.020, all units of local government are required to pay interest at the rate of 1 percent per month on amounts due on written contracts for public works "whenever the state agency or unit of local government fails to make timely payment".) Rather, the District appears to contend that it did not need to pay Thompson because DLI disavowed its approval of Thompson's "Affidavit of Wages Paid". Both parties concede that the filing of such an affidavit, approved by the statistician of DLI, is a requirement for payment. RCW 39.12.040(1), (2)(b).

The District also argues that it should not be liable for interest because it acted reasonably under the circumstances. However, as Thompson notes, the District fails to cite any authority, and we are aware of none, that adopts a reasonableness standard as opposed to a requirement that the District comply with applicable statutes.

RCW 60.28 is the lien statute for public works. RCW 60.28.010 requires a public agency to retain a sum from the moneys earned by the contractor as a trust fund for the

protection of all persons who furnish labor on the public work. *Puget Sound Elec. Workers Health & Welfare Trust Fund v. Merit Co.*, 123 Wn.2d 565, 567-68, 870 P.2d 960 (1994). The statute gives lien rights against the fund to the protected workers. *Workers*, at 568; RCW 60.28.010(1). "[T]he clear purpose of [RCW 60.28.010] is to benefit those persons within the protected class." *Keller Supply Co. v. Lydig Constr. Co.*, 57 Wn. App. 594, 600, 789 P.2d 788, *review denied*, 115 Wn.2d 1012 (1990).

A claimant must comply with the requirements of RCW 60.28 in order to recover from the retained percentage. *Keller*, at 598; RCW 60.28.010, .030; RCW 39.08.030. The claimant must give notice of its claim within 30 days from the date the owner accepts the completed work. RCW 60.28.010; RCW 39.08.030. *Shope Enters., Inc. v. Kent Sch. Dist.*, 41 Wn. App. 128, 130, 702 P.2d 499 (1985). The claimant then has 4 months to file an action to foreclose the lien. RCW 60.28.030. If the claimant fails to file its action within the 4-month period, it is barred from recovery against the retained percentage. *Airefco, Inc. v. Yelm Comm'ty Schs. 2*, 52 Wn. App. 230, 233-34, 758 P.2d 996, *review denied*, 111 Wn.2d 1029 (1988); *Shope*, at 130; RCW 60.28.030. "The right to a lien ceases to exist when the designated period is over." *Shope*, at 131. "Lien statutes are in derogation of the common law and should be strictly construed." *Airefco*, at 233.

RCW 39.12, the prevailing wage law for public works, is intended " 'to protect the employees of government contractors from substandard earnings and to preserve local wage standards'." *Lockheed Shipbuilding Co. v. Department of Labor & Indus.*, 56 Wn. App. 421, 427, 783 P.2d 1119 (1989) (quoting *Everett Concrete Prods., Inc. v. Department of Labor & Indus.*, 109 Wn.2d 819, 823, 748 P.2d 1112 (1988)), *review denied*, 114 Wn.2d 1017 (1990). The government contracting agency cannot pay a contractor before it receives the "Statement of Intent to Pay Prevailing Wages". RCW 39.12.040(1). Upon completion of the project, the contractor must submit an "Affidavit of Wages Paid". RCW 39.12.040(1)(b). Upon

receipt of the affidavit of wages paid, the awarding agency may pay the contractor or subcontractor in full, including funds that would otherwise be retained according to the provisions of RCW 60.28.010. RCW 39.12.040(1)(b). The government agency is to submit the affidavit to the industrial statistician for approval after receipt from the contractor. RCW 39.12.040(1)(b). RCW 39.12.050 sets out the consequences for filing false statements. Those include civil penalties, a prohibition against bidding on other public works projects, and a lien against the retainage for unpaid wages. "The director shall issue his or her findings that a contractor or subcontractor has violated the provisions of this subsection *after a hearing held subject to the provisions of chapter 34.05 RCW.*" (Italics ours.) RCW 39.12.050(2).

▮ Applying these statutes to the facts of this case, we note first that the contractor submitted all required documents. Secondly, we note that the District acknowledged at oral argument that the so-called findings of violation contained in the June 1991 notice were not made following a hearing. Apparently, this document is used as a charging statement.

We are sympathetic to the dilemma the District faced when confronted with the communications from DLI. However, the applicable statutes do not provide for a reasonableness defense. Thus, this factor is not a basis to grant judgment in favor of the District.

The District further argues that its payment was not "due" because the prevailing wage statute "barred the District's payment". It contends that Thompson's statement of intent to pay the prevailing wage "was invalidated by the determination of its falsity" and that "the findings negated any approval of an 'Affidavit of Wages Paid.' "

The fallacy in this argument is that it is not supported by the facts. DLI never made a "determination of its falsity". Further, the time had long since run for the workers to file a lawsuit and assert their rights to the retained percentage. Even assuming that DLI at some point determined that Thompson's affidavit was false, the statutory remedies do

not include action by the worker against the District for unpaid wages.

As the District failed to pay Thompson in a timely fashion, Thompson is entitled to interest on the amount due at the rate of 1 percent per month. RCW 39.76.010. In addition, in an action to collect interest due under RCW 39.76, the prevailing party is entitled to an award of attorney's fees. RCW 39.76.040. Thus, Thompson is entitled to his reasonable attorney's fees below. Thompson also properly requested fees in his appellant brief and is entitled to an award of attorney's fees on appeal upon compliance with RAP 18.1.

We reverse the summary judgment dismissing Thompson's action and denying his claims for interest and attorney's fees below. We remand for further proceedings consistent with this opinion.

HOUGHTON and WIGGINS, JJ., concur.