[No. 59024-3-I.   Division One.   January 22, 2008.]

LAURA HOLDEN, *Respondent*, v. FARMERS INSURANCE COMPANY OF WASHINGTON ET AL., *Petitioners*.

746

*Danielle S. Fitzpatrick* and *R. Omar Riojas* (of *DLA Piper US, LLP*) (Jeffrey A. Rosenfeld of *DLA Piper US, LLP*, of counsel), for petitioners.

*Bradley J. Moore* and *Garth L. Jones* (of *Stritmatter Kessler Whelan Coluccio*), for respondent.

¶1 APPELWICK, C.J. — This case presents a single question of law—does "actual cash value," defined as fair market value, include sales tax on all amounts claimed under a homeowners insurance policy? The trial court determined that actual cash value includes sales tax and granted summary judgment in favor of Laura Holden. Because an actual cash value clause acts only to indemnify the insured, we reverse and remand for entry of summary judgment for Farmers Insurance Company of Washington.

## FACTS

¶2 Laura Holden had a homeowners insurance policy through Farmers Insurance Company of Washington under a broad form renter's package policy. The policy stated that "covered loss to property will be settled at actual cash value." The policy defined "actual cash value" (ACV) as "fair market value of the property at the time of the loss." The

policy does not include a definition of "fair market value" (FMV). Farmers uses a variety of means to determine FMV, including surveying online markets; hiring an appraiser; agreeing with the insured on the value; and depreciating the cost of a new item to reflect age, obsolescence, and wear and tear. Holden's policy also included coverage for the replacement cost of property lost. The policy defines replacement cost as "the cost, at the time of loss, of a new article identical to the one damaged, destroyed or stolen."

¶3 Holden filed a claim with Farmers on this policy for property loss relating to a fire under the ACV provision. Holden never made a claim under the replacement coverage. Farmers reimbursed her for the ACV of the property, which had not been replaced. The reimbursement did not include an allowance for sales tax. Holden requested that her ACV payment include Washington sales tax. Farmers sent her two letters advising her that she could claim replacement cost, including sales tax, if she submitted receipts reflecting the cost of replacement. Holden sent at least three letters to Ethel Smith of the Washington State Insurance Commissioner's Office, complaining that Farmers was not paying the sales tax applicable to her loss. The insurance commissioner took no action except to forward the letter to Farmers, requesting a response. Farmers responded, stating that Holden could not receive allowance for sales tax unless and until she incurred the tax.

¶4 After receiving these responses from Farmers and the insurance commissioner, Holden filed a putative class action claim against Farmers. Holden and Farmers both filed motions for summary judgment. After a hearing, the trial court determined that Farmers' definition of ACV was ambiguous as a matter of law because FMV is capable of multiple interpretations. The trial court construed the provision against Farmers, as drafters of the policy, and interpreted the provision to include sales tax. The trial court granted summary judgment in favor of Holden. Farmers filed for discretionary review.

## DISCUSSION

¶5 When reviewing a summary judgment order, the appellate court undertakes the same inquiry as the trial court. *Thompson v. Peninsula Sch. Dist. No. 401*, 77 Wn. App. 500, 504, 892 P.2d 760 (1995). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). The moving party bears this burden of proof. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). All facts and inferences are considered in the light most favorable to the nonmoving party. *Ashcraft v. Wallingford*, 17 Wn. App. 853, 565 P.2d 1224 (1977).

¶6 Interpretation of an insurance policy is a matter of law. *Kent Farms, Inc. v. Zurich Ins. Co.*, 140 Wn.2d 396, 399, 998 P.2d 292 (2000). "The policy is construed as a whole, and 'should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.' " *Grange Ins. Co. v. Brosseau*, 113 Wn.2d 91, 95, 776 P.2d 123 (1989) (quoting *Sears v. Grange Ins. Ass'n*, 111 Wn.2d 636, 638, 762 P.2d 1141 (1988)). If an insurance policy defines a term, the term is interpreted in accordance with that definition. *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 576, 964 P.2d 1173 (1998). And, the trial court must enforce the policy as written if the language is clear and unambiguous. *Transcon. Ins. Co. v. Wash. Pub. Utils. Dists.' Util. Sys.*, 111 Wn.2d 452, 456, 760 P.2d 337 (1988). " 'A clause in a policy is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable.' " *Greer v. Nw. Nat'l Ins. Co.*, 109 Wn.2d 191, 198, 743 P.2d 1244 (1987) (quoting *Vadheim v. Cont'l Ins. Co.*, 107 Wn.2d 836, 840-41, 734 P.2d 17 (1987)). Ambiguity is construed in favor of the insured. *Vadheim*, 107 Wn.2d at 840-41.

¶7 Holden argues that Farmers' various methods of valuing FMV demonstrate ambiguity in the meaning of FMV, particularly as to whether sales tax is covered, and

that any ambiguity should be construed against Farmers. Resolution of this ambiguity in favor of Holden would result in payment of sales tax for ACV under all calculations of FMV. Holden claims that Farmers admits that it pays sales tax when using replacement cost less depreciation to calculate FMV. Farmers acknowledges that it pays sales tax as part of the replacement cost minus depreciation method of calculating FMV, but *only* when the insured has a policy containing ACV coverage (no replacement provision) and actually replaces the lost property subsequent to the loss. Farmer's notes this is distinct from Holden's claim because she both has a replacement clause in her policy and failed to replace her property.

¶8 Nonetheless, Farmers contends that the Washington Supreme Court's decision in *National Fire Insurance Co. of Hartford v. Solomon*, 96 Wn.2d 763, 770, 638 P.2d 1259 (1982), provides a definition for ACV and FMV that precludes the use of replacement cost less depreciation. In *Solomon*, the issue on appeal concerned whether the policy required actual replacement in order to recover under the replacement cost policy. *Id.* at 765. The Supreme Court held that the replacement cost clause did not require rebuilding as a condition precedent to reimbursement. *Id.* at 770 (citing *Reese v. N. Ins. Co. of N.Y.*, 207 Pa. Super. 19, 215 A.2d 266, 269 (1965)). As an additional holding, the court defined ACV. " '[A]ctual cash value' within statutory language of [a] fire policy is synonymous with 'fair market value' and does not mean replacement cost less depreciation." *Id.* (citing *Jefferson Ins. Co. of N.Y. v. Superior Court*, 3 Cal. 3d 398, 402-03, 475 P.2d 880, 90 Cal. Rptr. 608 (1970)). Holden claims that *Hess v. North Pacific Insurance Co.*, 122 Wn.2d 180, 859 P.2d 586 (1993), overruled *Solomon*. *Hess* stated that "[t]he facts in [*Solomon*], 96 Wn.2d 763 . . . mandate limiting whatever its holdings may be to those facts and the policy involved." *Hess*, 122 Wn.2d at 191. The trial court

agreed with Holden, concluding that *Hess* significantly limited or sub silentio overruled the holding in *Solomon*.[1]

■ ¶9 Whether the trial court was correct about *Hess* is of no consequence. Neither *Hess* nor *Solomon* controls here. At issue in both cases was the interpretation of replacement coverage language; ACV was not at issue and commentary on ACV is dicta in both cases. The *Hess* court specifically rejected *Solomon*'s treatment of the replacement clause analysis. The opinion also sharply criticized *Solomon*'s discussion of ACV. "Relying on a *California statute*, the court held that actual cash value meant fair market value *without* depreciation. Another state's statutory definition should not control our interpretation." *Id.* As in *Solomon*, the treatment of ACV in *Hess* was unnecessary to the resolution of the issue on appeal in *Hess*. " 'Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed.' " *Ass'n of Wash. Bus. v. Dep't of Revenue*, 155 Wn.2d 430, 442 n.11, 120 P.3d 46 (2005) (quoting *State v. Potter*, 68 Wn. App. 134, 149 n.7, 842 P.2d 481 (1992)). Either the ACV definition in *Solomon* has been rejected by *Hess* or both discussions are to be disregarded as dicta. Neither case resolves the ambiguity Holden alleges in the meaning of ACV.

■ ¶10 Holden asserts that FMV is ambiguous and all calculations of FMV must include sales tax because at least one method of valuing FMV—replacement value less depreciation—can include sales tax, though others do not. The assumption that sales tax is payable under any means of determining FMV under ACV coverage merely begs the question. ACV coverage indemnifies only the insured; "replacement cost considerations . . . do not, therefore, apply. Replacement value applies only if actual replacement is undertaken." *DePhelps v. Safeco Ins. Co. of Am.*, 116 Wn. App. 441, 452-53, 65 P.3d 1234 (2003) (citing *Hess*, 122

---

[1] The Washington Supreme Court does not overrule binding precedent sub silentio. *See State v. Studd*, 137 Wn.2d 533, 548, 973 P.2d 1049 (1999); *Lunsford v. Saberhagen Holdings, Inc.*, 139 Wn. App. 334, 345, 160 P.3d 1089 (2007).

Wn.2d at 187). An ACV policy "does not entitle the insured to any more than indemnity for the actual loss sustained so as to place him or her in the same financial condition as he or she would have been in if there had been no fire." 12 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 175:5 (3d ed. 2005).

¶11 The contract language must be viewed through the lens of indemnification. Viewed through this lens, sales tax is reimbursable only when incurred by the insured. The use of replacement value in calculating FMV under ACV coverage does not include sales tax if the item is not replaced, but does include sales tax if the tax is incurred. This differential treatment is not ambiguous; it is a consistent application of the principles of indemnification.

¶12 Either the legislature or the insurance commissioner could have required ACV coverage to include sales tax on the value of the loss, but neither has undertaken this task. The exclusion of sales tax from reimbursement under the ACV clause, absent replacement, fits with the indemnification purpose of an ACV provision and the interpretation of Holden's policy as a whole. Holden's insurance policy contained a separate replacement provision, which she paid an extra premium to maintain. Holden elected not to replace the items and not to use the replacement coverage; she chose to utilize her ACV coverage. ACV is an indemnity clause. "Like loss of use, actual cash value clauses provide indemnity only." *DePhelps,* 116 Wn. App. at 452 (citing *Hess,* 122 Wn.2d at 182-83). This indemnity does not include sales tax not incurred.

¶13 We reverse and remand for entry of summary judgment for Farmers.

ELLINGTON and DWYER, JJ., concur.

Review granted at 164 Wn.2d 1025 (2008).